IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIBOARD CANADA, INC. ) <br> 2540 Daniel-Johnson Blvd, Suite 500 ) <br> LAVAL, Quebec ) <br> H7T 2S3 ) <br> Canada ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNILIN BEHEER B.V. ) <br> Hoogeveenenweg 28 ) <br> 2913 LV Nieuwerkerk Ad Ijssel ) <br> Netherlands ) <br> Defendant. ) <br> ) | Civil Action No._____ <br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Uniboard Canada, Inc. ("Uniboard") hereby alleges the following causes of action for a Declaratory Judgment of patent invalidity and non-infringement against Defendant, Unilin Beheer B.V. ("Unilin"):

### THE PARTIES

1. Uniboard is a Canadian corporation with its principal place of business in the Province of Quebec, Canada, from which Uniboard exports to the United States laminated panels used, *inter alia*, for floorboards.

2. Upon information and belief, Unilin Beheer B.V. is a Dutch corporation with its principal place of business in Ijssel, Netherlands.

3. On December 28, 1999, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,006,486 (hereinafter, "the '486 patent") (attached hereto as

Exhibit A), entitled "Floor Panel with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the named inventors.

4. On December 10, 2002, the PTO issued U.S. Patent No. 6,490,836 B1 (hereinafter, "the '836 patent") (attached hereto as Exhibit B) having the same title and identifying the same inventors as set forth in Paragraph 3 above.

5. On April 5, 2005, the PTO issued U.S. Patent No. 6,874,292 B2 (hereinafter, "the '292 patent") (attached hereto as Exhibit C) having the same title and identifying the same inventors as set forth in Paragraph 3 above.

6. On August 16, 2005, the PTO issued U.S. Patent No. 6,928,779 B2 (hereinafter, "the '779 patent") (attached hereto as Exhibit D) having the same title and identifying the same inventors as set forth in Paragraph 3 above.

7. On October 18, 2005, the PTO issued U.S. Patent No. 6,955,020 B2 (hereinafter, "the '020 patent") (attached hereto as Exhibit E) having the same title and identifying the same inventors as set forth in Paragraph 3 above.

8. On February 7, 2006, the PTO issued U.S. Patent No. 6,993,877 B2 (hereinafter, "the '877 patent") (attached hereto as Exhibit F) having the same title and identifying the same inventors as set forth in Paragraph 3 above.

9. On May 9, 2006, the PTO issued U.S. Patent No. 7,040,068 B2 (hereinafter, "the '068 patent") (attached hereto as Exhibit G) having the same title and identifying the same inventors as set forth in Paragraph 3 above.

10. On February 12, 2008, the PTO issued U.S. Patent No. 7,328,536 B2 (hereinafter, "the '536 patent") (attached hereto as Exhibit H) having the same title and identifying the same inventors as set forth in Paragraph 3 above.

11. Upon information and belief, Unilin Beheer B.V. is the owner by assignment of the '486, '836, '292, '779, '020, '877, '068, and '536 patents (collectively, "the Unilin patents"), has failed to record a domestic representative for service of process, and has alleged that Uniboard's importation into the United States of its products infringes the Unilin patents.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because the substantial controversy between the parties regarding the subject matter of the Counts as pleaded herein presents a case or controversy of sufficient immediacy and reality to warrant declaratory judgment jurisdiction.

13. Pursuant to 35 U.S.C. § 293, this Court has personal jurisdiction over Unilin because this Court has jurisdiction to take any action with respect to the patents-in-suit when no person, on whom may be served process or notice of proceedings affecting the patents or rights thereunder, has been designated.

14. In addition, this Court has personal jurisdiction over Unilin because, upon information and belief, Unilin has established minimum contacts with the forum such that the exercise of jurisdiction over Unilin will not offend traditional notions of fair play and substantial justice.

15. Venue is proper in this judicial district pursuant to 35 U.S.C. § 293 and 28 U.S.C. §§ 1391 and 1400.

16. An actual and justiciable controversy exists between Uniboard and Unilin concerning the non-infringement and invalidity of the Unilin patents.

## COUNT I
### (Declaration of Non-Infringement of the Unilin Patents)

17. Uniboard incorporates herein by reference Paragraphs 1 through 16 of this Complaint as if set forth in full.

18. Uniboard has not and does not infringe any claims of the Unilin patents directly, by inducement, or by contribution.

## COUNT II
### (Declaratory Judgment of Invalidity)

19. Uniboard incorporates herein by reference Paragraphs 1 though 16 of this Complaint as if set forth in full.

20. Upon information and belief, all claims of the Unilin patents are invalid and unenforceable for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Uniboard prays for final judgment against Unilin declaring that:

(i) Uniboard has not and does not infringe any claim of the Unilin patents either directly, by inducement, or by contribution;

(ii) Each and every claim of the Unilin patents is invalid and unenforceable;

(iii) Unilin, its officers, agents, employees, attorneys and persons in active concert or participation with it, be preliminarily and permanently enjoined from suing or

threatening to sue, or making any charge against Uniboard, or its suppliers, distributors or customers, concerning alleged infringement of the Unilin patents;

    (iv)  This case is exceptional pursuant to 35 U.S.C. § 285 and Uniboard is entitled to its reasonable attorneys' fees, expenses, and costs incurred in this action; and

    (v)  Uniboard is entitled to any such other and further relief as the Court deems just and proper.

Dated: March 4, 2008

Respectfully submitted,

*/s/ Richard L. Brusca*

**Of Counsel**

Edward V. Filardi
Douglas R. Nemec
Emily J. Zelenock
Rachel R. Blitzer
James L. Leonard
Edward L. Tulin
SKADDEN, ARPS, SLATE
    MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10036
(212) 735-3000
efilardi@skadden.com

**Counsel for Uniboard Canada, Inc.**

Richard L. Brusca
D.C. Bar No. 366746
SKADDEN, ARPS, SLATE
    MEAGHER & FLOM, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

rbrusca@skadden.com