## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIBOARD CANADA, INC.<br>2540 Daniel-Johnson Blvd, Suite 500<br>LAVAL, Quebec<br>H7T 2S3<br>Canada<br>          Plaintiff,<br><br>v.<br><br>UNILIN BEHEER B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands<br>          Defendant.<br><br>UNILIN BEHEER B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands<br><br>FLOORING INDUSTRIES LTD., SARL<br>10b rue des Merovingiens<br>ZI Bourmicht<br>L-8070 Bertrange<br>Luxembourg<br>          Counterclaim Plaintiffs,<br><br>v.<br><br>UNIBOARD CANADA, INC.<br>2540 Daniel-Johnson Blvd, Suite 500<br>LAVAL, Quebec<br>H7T 2S3<br>Canada<br>          Counterclaim Defendant. | Civil Action No. 1:08-cv-00399-RCL<br><br>JURY DEMANDED |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT UNIBOARD CANADA, INC.'S ANSWER TO UNILIN BEHEER B.V. AND FLOORING INDUSTRIES LTD., SARL'S COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Uniboard Canada, Inc. ("Uniboard") hereby responds to the allegations contained in the Counterclaims for patent infringement filed by Defendant and Counterclaim Plaintiff Unilin Beheer B.V. ("Unilin Beheer") and Counterclaim Plaintiff Flooring Industries Ltd., sarl ("Flooring Industries") (collectively, "Counterclaims Plaintiffs" or "Unilin") as follows:[1]

## THE PARTIES

1. Uniboard admits the allegations in paragraph 21 of Unilin's Counterclaims.

2. Uniboard admits the allegations in paragraph 22 of Unilin's Counterclaims.

3. Uniboard admits the allegations in paragraph 23 of Unilin's Counterclaims.

4. Uniboard admits the allegations in paragraph 24 of Unilin's Counterclaims.

5. Uniboard admits that its laminate flooring products are sold at certain Sam's Club stores in the United States, as well as on the internet and at other retail stores in the United States. To the extent that paragraph 25 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

6. Uniboard admits that its products are and have been sold under a variety of brand names including Sam's Club Lock'n Seal and MultiLook Laminate Flooring. To the extent that paragraph 26 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

7. Uniboard admits that U.S. Patent No. 6,006,486 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on December 28, 1999,

---

[1] Paragraphs 1 through 20 of Unilin Beheer's Answer filed April 15, 2008 (Docket # 4) contain Unilin Beheer's answers to Uniboard's complaint and are not believed to contain any allegations, and Flooring Industries does not join in any of these answers. To the extent that there are allegations in paragraphs 1 through 20 of Unilin Beheer's Answer, Uniboard denies them.

and that the assignee is Unilin Beheer.  To the extent that paragraph 27 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

8. Uniboard admits that U.S. Patent No. 6,490,836 B1 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on December 10, 2002, and that the assignee is Unilin Beheer.  To the extent that paragraph 28 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

9. Uniboard admits that U.S. Patent No. 6,874,292 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on April 5, 2005, and that the assignee is Unilin Beheer.  To the extent that paragraph 29 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

10. Uniboard admits that U.S. Patent No. 6,928,779 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on August 16, 2005, and that the assignee is Unilin Beheer.  To the extent that paragraph 30 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

11. Uniboard admits that U.S. Patent No. 6,955,020 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on October 18, 2005, and that the assignee is Unilin Beheer.  To the extent that paragraph 31 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

12. Uniboard admits that U.S. Patent No. 6,993,877 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on February 7, 2006, and that the assignee is Unilin Beheer. To the extent that paragraph 32 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

13. Uniboard admits that U.S. Patent No. 7,040,068 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on May 9, 2006, and that the assignee is Unilin Beheer. To the extent that paragraph 33 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

14. Uniboard admits that U.S. Patent No. 7,328,536 B2 is entitled "Floor Panel with Edge Connectors," and indicates on its face that the inventors are Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers, that it issued on February 12, 2008, and that the assignee is Unilin Beheer. To the extent that paragraph 34 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

15. Uniboard admits that U.S. Patent No. 6,786,019 B2 is entitled "Floor Covering," and indicates on its face that the inventor is Bernard Paul Joseph Thiers, that it issued on September 7, 2004, and that the assignee is Flooring Industries. To the extent that paragraph 35 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

16. Uniboard denies the allegations in paragraph 36 of Unilin's Counterclaims.

**JURISDICTION AND VENUE**

17. In response to paragraph 37 of Unilin's Counterclaims, Uniboard admits that Unilin purports to bring its Counterclaims for patent infringement pursuant to 35 U.S.C. § 101, et.

seq. Uniboard admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). To the extent that paragraph 37 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

18. Uniboard admits this Court has personal jurisdiction over Unibaord. To the extent that paragraph 38 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

19. Uniboard admits that venue is proper in this court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). To the extent that paragraph 39 of Unilin's Counterclaims contains any other allegations, Uniboard denies them.

## COUNT I
### (Infringement of United States Patent No. 6,006,486)

20. Paragraph 40 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

21. Uniboard denies the allegations in paragraph 41 of Unilin's Counterclaims.

22. Uniboard denies the allegations in paragraph 42 of Unilin's Counterclaims.

23. Uniboard denies the allegations in paragraph 43 of Unilin's Counterclaims.

## COUNT II
### (Infringement of United States Patent No. 6,490,836 B1)

24. Paragraph 44 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

25. Uniboard denies the allegations in paragraph 45 of Unilin's Counterclaims.

26. Uniboard denies the allegations in paragraph 46 of Unilin's Counterclaims.

27. Uniboard denies the allegations in paragraph 47 of Unilin's Counterclaims.

## COUNT III
### (Infringement of United States Patent No. 6,874,292 B2)

28. Paragraph 48 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

29. Uniboard denies the allegations in paragraph 49 of Unilin's Counterclaims.

30. Uniboard denies the allegations in paragraph 50 of Unilin's Counterclaims.

31. Uniboard denies the allegations in paragraph 51 of Unilin's Counterclaims.

## COUNT IV
### (Infringement of United States Patent No. 6,928,779 B2)

32. Paragraph 52 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

33. Uniboard denies the allegations in paragraph 53 of Unilin's Counterclaims.

34. Uniboard denies the allegations in paragraph 54 of Unilin's Counterclaims.

35. Uniboard denies the allegations in paragraph 55 of Unilin's Counterclaims.

## COUNT V
### (Infringement of United States Patent No. 6,995,020 B2)

36. Paragraph 56 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

37. Uniboard denies the allegations in paragraph 57 of Unilin's Counterclaims.

38. Uniboard denies the allegations in paragraph 58 of Unilin's Counterclaims.

39. Uniboard denies the allegations in paragraph 59 of Unilin's Counterclaims.

## COUNT VI
### (Infringement of United States Patent No. 6,993,877 B2)

40.     Paragraph 60 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

41.     Uniboard denies the allegations in paragraph 61 of Unilin's Counterclaims.

42.     Uniboard denies the allegations in paragraph 62 of Unilin's Counterclaims.

43.     Uniboard denies the allegations in paragraph 63 of Unilin's Counterclaims.

## COUNT VII
### (Infringement of United States Patent No. 7,040,068 B2)

44.     Paragraph 64 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

45.     Uniboard denies the allegations in paragraph 65 of Unilin's Counterclaims.

46.     Uniboard denies the allegations in paragraph 66 of Unilin's Counterclaims.

47.     Uniboard denies the allegations in paragraph 67 of Unilin's Counterclaims.

## COUNT VIII
### (Infringement of United States Patent No. 7,328,536 B2)

48.     Paragraph 68 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

49.     Uniboard denies the allegations in paragraph 69 of Unilin's Counterclaims.

50.     Uniboard denies the allegations in paragraph 70 of Unilin's Counterclaims.

51.     Uniboard denies the allegations in paragraph 71 of Unilin's Counterclaims.

## COUNT IX

**(Infringement of United States Patent No. 6,786,019 B2)**

52. Paragraph 72 of Unilin's Counterclaims is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

53. Uniboard denies the allegations in paragraph 73 of Unilin's Counterclaims.

54. Uniboard denies the allegations in paragraph 74 of Unilin's Counterclaims.

55. Uniboard denies the allegations in paragraph 75 of Unilin's Counterclaims.

### PRAYER FOR RELIEF ON UNILIN'S COUNTERCLAIMS

Uniboard respectfully requests that in response to Unilin's Counterclaims this court:

1. Dismiss Unilin's Counterclaims with prejudice;

2. Adjudge that Unilin is not entitled to any relief;

3. Award to Uniboard the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

Dated: May 5, 2008                                  Respectfully submitted,


/s/ Richard L. Brusca

Richard L. Brusca
D.C. Bar No. 366746
SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000
rbrusca@skadden.com

Edward V. Filardi
Douglas R. Nemec
SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
(212) 735-3000

*Counsel for Uniboard Canada, Inc.*

## CERTIFICATE OF SERVICE

I, Richard L. Brusca, counsel for Uniboard Canada, Inc. ("Uniboard"), do hereby certify that I electronically filed Uniboard's Answer to Unilin Beheer B.V. and Flooring Industries Ltd., sarl's Counterclaims with the Clerk of Court using the CM/ECF system and served a true and correct copy of the same via the court's electronic filing system to: **Counsel for Unilin Beheer B.V. and Flooring Industries Ltd., sarl**:

David P. Murray, Esq.

Dated: May 5, 2008                                                                                   /s/ Richard L. Brusca