## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIBOARD CANADA, INC.<br>2540 Daniel-Johnson Blvd, Suite 500<br>LAVAL, Quebec<br>H7T 2S3<br>Canada<br><div align="center">Plaintiff,</div><br>v.<br><br>UNILIN BEHEER B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands<br><div align="center">Defendant.</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:08-cv-00399-RCL |
| UNILIN BEHEER B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands<br><br>FLOORING INDUSTRIES LTD., SARL<br>10b rue des Merovingiens<br>ZI Bourmicht<br>L-8070 Bertrange<br>Luxembourg<br><div align="center">Counterclaim Plaintiffs,</div><br>v.<br><br>UNIBOARD CANADA, INC.<br>2540 Daniel-Johnson Blvd, Suite 500<br>LAVAL, Quebec<br>H7T 2S3<br>Canada<br><div align="center">Counterclaim Defendant.</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DISCOVERY PLAN SUBMITTED
## <u>JOINTLY BY THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3, attorneys for Plaintiff and Counterclaim Defendant Uniboard Canada, Inc. ("Uniboard") and attorneys for Defendant and Counterclaim Plaintiff Unilin Beheer B.V. ("Unilin Beheer") and Counterclaim Plaintiff Flooring Industries Ltd., sarl ("Flooring Industries") conferred commencing on May 2, 2008, and hereby submit the following proposed joint discovery plan and proposed scheduling order.

I.     **COUNSEL**

Attorneys for Uniboard include the following:

> Edward V. Filardi
> Douglas R. Nemec
> Rachel R. Blitzer
> James L. Leonard, Jr.
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
> Four Times Square
> New York, NY 10036
> Telephone: (212) 735-3000
> Facsimile: (212)735-2000
> E-mail: efilardi@skadden.com; dnemec@skadden.com;
>         rblitzer@skadden.com; jaleonar@skadden.com

> Richard L. Brusca
> D.C. Bar No. 366746
> SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP
> 1440 New York Avenue, N.W.
> Washington, D.C. 20005
> Telephone: (202) 371-7000
> Facsimile: (202) 393-5760
> E-mail: rbrusca@skadden.com

Attorneys for Unilin Beheer and Flooring Industries include the following:

> John M. DiMatteo
> Steven H. Reisberg
> Eugene L. Chang
> Leslie M. Spencer
> David D. Lee
> Fara S. Sunderji
> Ketan Pastakia
> WILLKIE FARR & GALLAGHER LLP
> 484 Seventh Avenue
> New York, NY 10019
> Telephone: (212) 728-8000
> Facsimile: (212) 728-8111
> E-mail: jdimatteo@willkie.com; sreisberg@willkie.com;
>         echang@willkie.com; lspencer@willkie.com; dlee1@willkie.com;
>         fsunderji@willkie.com; kpastakia@willkie.com

David P. Murray
D.C. Bar No. 401158
WILLKIE FARR & GALLAGHER LLP
1845 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
E-mail: dmurray@willkie.com

## 2.     BRIEF DESCRIPTION OF CASE

This declaratory judgment action concerns Uniboard's contentions of invalidity and non-infringement of eight U.S. patents: U.S. Patent Nos. 6,006,486 ("'486 patent"), 6,490,836 ("'836 patent"), 6,874,292 ("'292 patent"), 6,928,779 ("'779 patent"), 6,955,020 ("'020 patent"), 6,993,877 ("'877 patent"), 7,040,068 ("'068 patent"), and 7,328,536 ("'536 patent") (collectively, "the Unilin patents"). Unilin Beheer and Flooring Industries have counterclaimed for infringement of the Unilin patents as well as U.S. Patent No. 6,786,019 ("'019 patent'). The Unilin patents and the '019 patent relate to aspects of floor panels having mechanically locking joints.

Uniboard is a Canadian corporation with its principal place of business in the Province of Quebec, Canada. Uniboard is in the business of manufacturing, distributing and selling products including laminated floor panels that are mechanically locking, i.e., may be installed without the need for glue or other external connection means. Unilin Beheer is a Dutch corporation with is principal place of business in the Netherlands. Flooring Industries is an Irish corporation with its principal place of business in Luxembourg. Unilin Beheer is the assignee of the Unilin patents. Flooring Industries is Unilin Beheer's sole licensee and is also the assignee of the '019 patent.

On January 5, 2007, the International Trade Commission ("ITC"), as a result of a complaint filed by Unilin Beheer's and Flooring Industries' claims of patent infringement against over 30 respondents, issued a General Exclusion Order ("GEO") that prohibits unlicensed entry

of any imported laminated floor panels that infringe claims 1, 2, 10, 18 and 23 of the '836 patent,

claims 3 and 4 of the '292 patent, and/or claims 5 and 17 of the '779 patent. The GEO applies to

all companies (except those specifically excluded by the terms of the order) and not just the

particular respondents who participated in the investigation. The '836, '292 and '779 patents are

among the patents at issue in this case.

Uniboard is aware of the GEO. However, Uniboard was not named among the

respondents. Further, Uniboard did not participate in the violation phase of the investigation,

and the ITC did not consider Uniboard's products in that investigation.

The GEO includes a certification provision, permitting importers of non-infringing

products to certify to U.S. Bureau of Customs and Border Protection ("Customs") that their

products are not covered by the asserted claims of the '836, '292, and '779 patents and should be

allowed entry. Upon the issuance of the GEO, Uniboard contacted Customs regarding

certification. On Customs' advice, in March of 2007, Uniboard provided two written

submissions for certification of its products. Separately, Unilin Beheer and Flooring Industries

have provided submissions to Customs showing that Uniboard's products should be excluded

from entry into the United States because they are in violation of the GEO. Customs is still in

the process of evaluating the parties' submissions.

On March 25, 2008, Unilin Beheer and Flooring Industries filed a complaint with the ITC

requesting a formal enforcement proceeding against Uniboard for violation of the GEO. On

April 15, 2008, Uniboard filed a request for an Advisory Opinion on whether Uniboard's

laminated floor panels fall within the scope of the GEO, and further requested that the action be

consolidated with Unilin's request for an enforcement proceeding.  Both requests are pending before the ITC.

**3.      SCOPE OF DISCOVERY**

Uniboard, Unilin Beheer, and Flooring Industries agree that the subject matters that may be relevant to this action include:

- Conception, reduction to practice, first description in a document, and first disclosure to a person other than the inventors, of the subject matter claimed in the Unilin patents and '019 patent;

- Preparation and prosecution of the Unilin patents and '019 patent and any foreign counterpart patents and applications;

- Preparation and prosecution of any domestic or foreign patents or applications related to the Unilin patents and '019 patent, e.g., continuing applications, continuation-in-part applications, divisional applications or the like;

- Relevant information contained in other Unilin Beheer or Flooring Industries patents or applications, both foreign and domestic, concerning mechanically locking joints;

- Unilin Beheer and Flooring Industries' research and development, if any, that led to any subject matter described in the Unilin patents and '019 patent, including Unilin Beheer and Flooring Industries' knowledge of publicly available information concerning mechanically locking joints;

- Evidence of the validity and strength of the Unilin patents and '019 patent;

- Prior art known by Unilin Beheer or Flooring Industries concerning the subject matter of the Unilin patents and '019 patent;

- Evidence of prior invention of the inventions claimed by the Unilin patents and '019 patent known by Unilin Beheer or Flooring Industries;

- The bases for Unilin Beheer and Flooring Industries' contentions, including those relating to claim construction, infringement, validity, and enforceability of the Unilin patents and '019 patent;

- Studies and analyses of Uniboard's allegedly infringing products in Unilin Beheer or Flooring Industries' possession;

- Licenses and agreements regarding the Unilin patents and '019 patent;

- Marketing materials and plans regarding Unilin Beheer's and Flooring Industries' products alleged to be covered by the Unilin patents and '019 patent;

- Unilin Beheer and Flooring Industries' allegations concerning damages;

- Design and development of Uniboard's laminated floor panels;

- Manufacture, sale, distribution and/or marketing of Uniboard's laminated floor panels;

- Communications with third parties regarding Uniboard's laminated floor panels;

- Customer communications, installation instructions, and quality control with respect to Uniboard's laminated floor panels;

- Uniboard's revenues, sales and profits from importation and sale of laminated floor panels;

- The bases for Uniboard's contentions, including those relating to claim construction, non-infringement, invalidity, and/or unenforceability of the Unilin patents and/or the '019 patent;

- 7 -

- Any alleged prior art known to Uniboard concerning the subject matter of the Unilin patents and the '019 patent;

- Any non-infringement and/or invalidity opinions obtained by Uniboard with respect to the Unilin patents and/or the '019 patent; and

- Any evidence of willful infringement by Uniboard of the Unilin patents and/or the '019 patent.

Uniboard, Unilin Beheer, and Flooring Industries expect that discovery of third parties may be necessary, *e.g.*, of non-party inventors.

Uniboard, Unilin Beheer, and Flooring Industries do not intend for the above listing to be exhaustive.

## 4.    DISCOVERY LIMITATIONS

The parties believe that, consistent with the Federal Rules of Civil Procedure and the Local Rules, discovery in this case should be limited as follows:

- Maximum of 40 interrogatories (including discrete subparts and contention interrogatories) by each side, *see* Local Rule 26.2(b), but no limitation on requests for admission.

- Maximum of 80 hours of deposition tape time per side to be taken of the parties' fact witnesses, *see* Fed. R. Civ. P. 30(a)(2)(A), (d)(2); Uniboard, Unilin Beheer, and Flooring Industries shall meet and confer in good faith to accommodate any request for additional deposition examination time prior to involving the Court.

- All depositions of party employees and witnesses under the control of a party (collectively, "party witnesses") should take place in the jurisdiction of the party witness's principal place of business unless otherwise agreed by the parties. Any depositions of party witnesses taken outside of the United States shall be taken in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Columbia. If a party witness's principal place of business is located within a country that prohibits the taking of deposition under U.S. law, the deposition shall be taken in the District of Columbia unless otherwise agreed by the parties.

- Each expert witness that submits an expert report may be deposed as of right for 7 hours of deposition tape time by the opposing party for each expert report submitted, without regard to the limit of 80 hours of deposition tape time for fact witnesses stated above. Uniboard, Unilin Beheer and Flooring Industries shall meet and confer in good faith to accommodate any request for additional expert deposition examination time prior to involving the Court.

- Unilin Beheer and Flooring Industries shall constitute one "party" for purposes of discovery requests and depositions.

- In the event that the ITC institutes an investigation with regard to the Unilin patents or the '019 patent against Uniboard, the parties will confer to discuss ways in which the parties may share discovery between the current action and an ITC action.

**5.    PROPOSED SCHEDULE**

|   | Type of Discovery | Parties' Proposed Dates |
|---|---|---|
| 1 | Exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | June 6, 2008 |
| 2 | Exchange privilege logs | September 12, 2008 |
| 3 | Except for good cause shown, motions to amend pleadings/join additional parties to be filed no later than | October 31, 2008 |
| 4 | Unilin Beheer and Flooring Industries identify asserted patent claims | October 31, 2008 |
| 5 | Exchange of preliminary contentions<br><br>(Uniboard serves preliminary non-infringement and invalidity contentions; Unilin Beheer and Flooring Industries serve preliminary infringement contentions) | November 21, 2008 |
| 6 | Meet and confer regarding claim terms to be construed | December 5, 2008 |
| 7 | Parties exchange opening *Markman* patent claim construction briefs | January 23, 2009 |
| 8 | Parties exchange responsive *Markman* briefs | February 27, 2009 |
| 9 | *Markman* hearing | To be scheduled by the Court |
| 10 | Service of affirmative expert reports on behalf of party with burden of proof on claim or defense | 60 days following the Court's ruling on *Markman* issues |
| 11 | Service of rebuttal expert reports | 60 days following service of affirmative expert reports (Step 10) |
| 12 | Fact and Expert discovery completed | 30 days following service of rebuttal expert reports (Step 11) |

|  | Type of Discovery | Parties' Proposed Dates |
|---|---|---|
| 13 | Exchange of final contentions (Uniboard serves final invalidity contentions; Unilin Beheer and Flooring Industries serve final infringement contentions) | 15 days following close of fact and expert discovery (Step 12) |
| 14 | Dispositive motions and Opening papers to be served and filed no later than | 30 days after service of final contentions (Step 13) |
| 15 | Opposition papers to be served and filed no later than | 30 days after service of opening papers (Step 14) |
| 16 | Reply papers to be served and filed no later than | 15 days after service of opposition papers (Step 15) |
| 17 | All Pretrial Submissions, including (1) the Joint Pretrial Order, (2) Jury Instructions, and (3) Motions in Limine | 30 days after service of reply papers (Step 16) or 30 days following decision of any dispositive motion, whichever is later |
| 18 | Trial Ready | 30 days after pretrial submissions (Step 17) or 45 days following decision of any dispositive motion, whichever is later; trial to be held on 48 hours notice |

6.       **LOCAL RULE 16(3)(C) MATTERS**

| 16(3)(C) Matter | Parties' Resolution |
|---|---|
| (1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion. | The parties do not feel that the case can be resolved by dispositive motion at this time, but anticipate that dispositive motions will be filed as discovery progresses. |
| (2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed. | The parties have set this date as November 7, 2008, and will confer on an ongoing basis regarding whether the factual and legal issues can be agreed upon or narrowed. |
| (3) Whether the case should be assigned to a magistrate judge for all purposes, including trial. | No party consents to trial by a Magistrate Judge. |
| (4) Whether there is a realistic possibility of settling the case. | The parties have undertaken significant efforts at settlement, but do not feel that settlement is possible at this time.  The parties will advise the Court of the status of settlement discussions as appropriate. |

| 16(3)(C) Matter | Parties' Resolution |
|---|---|
| (5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:<br><br>(i) the client's goals in bringing or defending the litigation;<br><br>(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement<br><br>(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:<br><br>(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information;<br><br>and<br><br>(bb) whether ADR should take place before or after the judicial resolution of key legal issues;<br><br>(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and<br><br>(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending. | At the present time, the parties do not believe this case is appropriate for ADR. |
| (6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions. | The parties do not feel that the case can be resolved by summary judgment or motion to dismiss at this time.  The parties have incorporated dates relevant to dispositive motions into the scheduling order. |

| 16(3)(C) Matter | Parties' Resolution |
|---|---|
| (7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures. | The parties feel that Rule 26(a)(1) disclosures are appropriate and are scheduled to exchange them on June 6, 2008. |
| (8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions. | The parties have discussed the extent of discovery and have taken positions as explained above.  The parties have initiated discussions concerning the extent, scope, and handling of electronic discovery and will endeavor to continue such discussions throughout the initial stages of discovery.  The parties will cooperate to produce electronically stored information in mutually agreeable formats and media.  The parties believe that it is not necessary to specify a particular format for production at this time.  The parties have incorporated dates relevant to the completion of discovery into the scheduling order.  The parties have initiated discussions concerning an appropriate Discovery Confidentiality Order and intend to present a stipulated Discovery Confidentiality Order to the Court for its consideration. |
| (9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur. | The parties have provided for the exchange of expert reports and taking of expert depositions in the scheduling order. |
| (10) In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision. | N/A |

| 16(3)(C) Matter | Parties' Resolution |
|---|---|
| (11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation. | Uniboard proposes that damages and willful infringement be bifurcated to allow for a quicker and more streamlined determination of the core issues of infringement and invalidity.  Further, inequitable conduct should be tried in a separate bench trial.  Uniboard suggests that the inequitable conduct bench trial take place after the trial on infringement and invalidity but prior to the damages and willful infringement phase.<br><br>Unilin Beheer and Flooring Industries see no reason for bifurcating damages and willful infringement from the issues of infringement and validity.  Unilin Beheer and Flooring Industries agree that inequitable conduct should be tried in a separate bench trial. |
| (12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter). | The parties have coordinated the timing for all pretrial submissions and leave the selection of the date of the pretrial conference to the discretion of the Court. |
| (13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference. | The parties leave the selection of the trial date to the discretion of the Court. |
| (14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order. | The parties believe that all appropriate matters have been included in the proposed scheduling order. |

Dated:  May 16, 2008

By:  /s/ Douglas R. Nemec_____
    Douglas R. Nemec
    Edward V. Filardi
    Rachel R. Blitzer
    James L. Leonard, Jr.
    SKADDEN, ARPS, SLATE, MEAGHER &
        FLOM LLP
    Four Times Square
    New York, NY 10036
    Telephone: (212) 735-3000
    Facsimile: (212)735-2000
    E-mail: dnemec@skadden.com;
           efilardi@skadden.com;
           rblitzer@skadden.com;
           jaleonar@skadden.com

    and

    Richard L. Brusca
    D.C. Bar No. 366746
    SKADDEN, ARPS, SLATE MEAGHER &
        FLOM LLP
    1440 New York Avenue, N.W.
    Washington, D.C. 20005
    Telephone: (202) 371-7000
    Facsimile: (202) 393-5760
    E-mail: rbrusca@skadden.com

    *Attorneys for Plaintiff and Counterclaim*
    *Defendant, Uniboard Canada Inc.*

By: /s/ Steven H. Reisberg

Steven H. Reisberg
John M. DiMatteo
Eugene L. Chang
Leslie M. Spencer
David D. Lee
Fara S. Sunderji
Ketan Pastakia
WILLKIE FARR & GALLAGHER LLP
484 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
E-mail: sreisberg@willkie.com;
         jdimatteo@willkie.com;
         echang@willkie.com;
         lspencer@willkie.com;
         dlee1@willkie.com;
         fsunderji@willkie.com;
         kpastakia@willkie.com

David P. Murray
D.C. Bar No. 401158
WILLKIE FARR & GALLAGHER LLP
1845 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
E-mail: dmurray@willkie.com

*Attorneys for Defendant and Counterclaim
Plaintiff, Unilin Beheer B.V.  and Counterclaim
Plaintiff Flooring Industries Ltd., sarl.*

- 17 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

UNIBOARD CANADA, INC.                          )
2540 Daniel-Johnson Blvd, Suite 500            )
LAVAL, Quebec                                  )
H7T 2S3                                        )
Canada                                         )
                  Plaintiff,              )
                                            )
v.                                             )
                                            )
UNILIN BEHEER B.V.                             )
Hoogeveenenweg 28                              )
2913 LV Nieuwerkerk Ad Ijssel                  )
Netherlands                                    )
                  Defendant.              )
_____)    Civil Action No. 1:08-cv-00399-RCL
UNILIN BEHEER B.V.                             )
Hoogeveenenweg 28                              )
2913 LV Nieuwerkerk Ad Ijssel                  )
Netherlands                                    )
                                            )
FLOORING INDUSTRIES LTD., SARL                 )
10b rue des Merovingiens                       )
ZI Bourmicht                                   )
L-8070 Bertrange                               )
Luxembourg                                     )
           Counterclaim Plaintiffs,   )
                                            )
v.                                             )
                                            )
UNIBOARD CANADA, INC.                          )
2540 Daniel-Johnson Blvd, Suite 500            )
LAVAL, Quebec                                  )
H7T 2S3                                        )
Canada                                         )
           Counterclaim Defendant.    )
_____)

## PROPOSED
## <u>SCHEDULING ODER</u>

The Court, having considered the parties' positions, hereby enters the following order regarding conduct of discovery and trial in this matter:

## SCHEDULE

| | Type of Discovery | Dates |
|---|---|---|
| 1 | Exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | June 6, 2008 |
| 2 | Exchange privilege logs | September 12, 2008 |
| 3 | Except for good cause shown, motions to amend pleadings/join additional parties to be filed no later than | October 31, 2008 |
| 4 | Unilin Beheer and Flooring Industries identify asserted patent claims | October 31, 2008 |
| 5 | Exchange of preliminary contentions<br><br>(Uniboard serves preliminary non-infringement and invalidity contentions; Unilin Beheer and Flooring Industries serve preliminary infringement contentions) | November 21, 2008 |
| 6 | Meet and confer regarding claim terms to be construed | December 5, 2008 |
| 7 | Parties exchange opening *Markman* patent claim construction briefs | January 23, 2009 |
| 8 | Parties exchange responsive *Markman* briefs | February 27, 2009 |
| 9 | *Markman* hearing | To be scheduled by the Court |
| 10 | Service of affirmative expert reports on behalf of party with burden of proof on claim or defense | 60 days following the Court's ruling on *Markman* issues |
| 11 | Service of rebuttal expert reports | 60 days following service of affirmative expert reports (Step 10) |
| 12 | Fact and Expert discovery completed | 30 days following service of rebuttal expert reports (Step 11) |

|    | Type of Discovery | Dates |
|----|-------------------|-------|
| 13 | Exchange of final contentions<br><br>(Uniboard serves final invalidity contentions; Unilin Beheer and Flooring Industries serve final infringement contentions) | 15 days following close of fact and expert discovery (Step 12) |
| 14 | Dispositive motions and Opening papers to be served and filed no later than | 30 days after service of final contentions (Step 13) |
| 15 | Opposition papers to be served and filed no later than | 30 days after service of opening papers (Step 14) |
| 16 | Reply papers to be served and filed no later than | 15 days after service of opposition papers (Step 15) |
| 17 | All Pretrial Submissions, including (1) the Joint Pretrial Order, (2) Jury Instructions, and (3) Motions in Limine | 30 days after service of reply papers (Step 16) or 30 days following decision of any dispositive motion, whichever is later |
| 18 | Trial Ready | 30 days after pretrial submissions (Step 17) or 45 days following decision of any dispositive motion, whichever is later; trial to be held on 48 hours notice |

Notwithstanding the deadlines set forth herein, any party may seek to amend the schedule for good cause shown.


SO ORDERED

_____
The Honorable Royce C. Lamberth
United States District Court Judge

Date: _____

- 2 -