# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIBOARD CANADA, INC.<br>2540 Daniel-Johnson Blvd, Suite 500<br>LAVAL, Quebec<br>H7T 2S3<br>Canada | )<br>)<br>)<br>)<br>) |

Civil Action No. 1:08-cv-00399-RCL

Plaintiff,

JURY DEMANDED

v.

UNILIN BEHEER B.V.
Hoogeveenenweg 28
2913 LV Nieuwerkerk Ad Ijssel
Netherlands

Defendant.

UNILIN BEHEER B.V.
Hoogeveenenweg 28
2913 LV Nieuwerkerk Ad Ijssel
Netherlands, and

FLOORING INDUSTRIES LTD., SARL
10b rue des Merovingiens
ZI Bourmicht
L-8070 Bertrange
Luxembourg

Counterclaim Plaintiffs,

v.

UNIBOARD CANADA, INC.
2540 Daniel-Johnson Blvd, Suite 500
LAVAL, Quebec
H7T 2S3
Canada

Counterclaim Defendant.

**DEFENDANT UNILIN'S MOTION TO CONSOLIDATE**

## I.    INTRODUCTION

There are two related cases pending before this Court involving the same eight patents, the same attorneys, many of the same issues, and the same ultimate parties. Accordingly, Unilin Beheer B.V. ("Unilin") respectfully submits that these two actions be consolidated for discovery and trial in the interests of judicial economy.

## II.    FACTS

In March 2008, Uniboard Canada, Inc. ("Uniboard") filed suit against Unilin before this Court (the "Uniboard Action", Civil Action No. 1:08-cv-00399-RCL).  The Uniboard Action seeks a declaration that eight patents owned by Unilin are invalid and not infringed:  U.S. Patent Nos. 6,006,486 ("the '486 patent"); 6,490,836 ("the '836 patent"); 6,874,292 ("the '292 patent"); 6,928,779 ("the '779 patent"); 6,955,020 ("the '020 patent"); 6,993,877 ("the '877 patent"); 7,040,068 ("the '068 patent"); and 7,328,536 ("the '536 patent") (collectively, the "Unilin patents").  Uniboard's complaint broadly alleges invalidity under 35 U.S.C. § 1 et seq. *See* Dkt. #1, ¶ 20.

About one month later, Pergo (Europe) AB ("Pergo") filed suit alleging that the same eight Unilin patents are invalid under 35 U.S.C. § 291 because they interfere with four Pergo patents (the "Pergo Action", Civil Action No. 1:08-cv-00659-RCL).  *See* Exhibit A, Complaint ¶¶ 66-99.  Pergo has stated that this action is related to the Uniboard Action.  *See* Exhibit B, Notice of Related Action.  Pergo's amended complaint continues to assert that the eight Unilin patents are invalid for interference under 35 U.S.C. § 291.  *See* Exhibit C, Amended Complaint ¶¶ 64-370.

Uniboard and Pergo are related to each other, and have the same ultimate parent: Pfleiderer AG ("Pfleiderer").  *See* Dkt. #2, Uniboard Corporate Disclosure Statement; Exhibit D, Pergo Corporate Disclosure Statement.  Unilin and Pfleiderer compete around the world in the

market for laminate flooring products.  Under the Pfleiderer umbrella, the Uniboard and Pergo corporate families are closely intertwined with each other.  For example, Pergo AB is the parent of both Pergo (Europe) AB and Uniboard Inc., USA, which in turn is the parent of Pergo LLC, the U.S. manufacturing subsidiary that is also the exclusive licensee for many patents owned by Pergo (Europe) AB.  *See* Exhibit E, Complaint ¶ 20; Exhibit F, Pergo LLC Corporate Disclosure Statement.

The parties in both actions are represented by the same law firms, and the same lawyers.  Unilin is represented in both actions by Willkie Farr & Gallagher LLP, with John M. DiMatteo and Eugene L. Chang as lead counsel and David P. Murray as local counsel.  Pergo and Uniboard are both represented by Skadden, Arps, Slate, Meagher & Flom LLP, with Edward V. Filardi and Douglas R. Nemec as lead counsel and Richard L. Brusca as local counsel.

Both actions are awaiting the start of discovery.  In the Pergo Action, Unilin's Answer to Pergo's Amended Complaint is being filed contemporaneously with this motion.  In the Uniboard Action, the Court has issued a scheduling order, with trial set for early 2010.  *See* Dkt. #22, Scheduling Order.  The parties have exchanged Rule 26 Initial Disclosures, but no discovery requests have been served.  Claim construction briefing of the Unilin patent claims is scheduled to be completed by February 27, 2009, with a hearing to take place at the Court's convenience.  *See id.*

## III.  ARGUMENT

The Uniboard Action and the Pergo Action are strikingly similar:

- both actions charge invalidity of the same eight Unilin patents;
- the parties are represented by the same attorneys from Willkie Farr and Skadden Arps;

• both actions were filed recently, and have not started discovery.

In short, it is hard to imagine two related actions more deserving of consolidation.

Courts have long recognized that consolidation is appropriate for actions that have far less overlap than is shown here. For example, consolidation is appropriate for cases that simply involve related patents, let alone the exact same eight patents litigated by the same attorneys for the same ultimate clients. *See, e.g., Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309-10 (D. Del. 1981) (consolidating actions involving related patent). In fact, consolidation is appropriate even when the two actions request different or additional forms of relief. *See Mylan Pharms., Inc. v. Henney*, 94 F. Supp. 2d 36, 44 (D.D.C. 2000).

Most importantly, the Uniboard and Pergo actions would require this Court to undertake many of the same tasks, including: (1) construing the meaning and scope of the claims from the eight Unilin patents; (2) resolving discovery and evidentiary disputes relating to the inventions of the Unilin patents, and (3) determining whether the eight Unilin patents are valid.

In the Pergo action, Pergo has alleged that an interference exists between its patents and the Unilin patents under 35 U.S.C. § 291 ("Section 291"). Section 291 provides a cause of action in which a patent owner can assert that another's patent is invalid because the inventions claimed by their respective patents "interfere", *i.e.*, they have claims that define the same patentable invention. *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 930, 934 (Fed. Cir. 2003). Such an "interference-in-fact" is established through a "two-way test," in which the scope and meaning each pair of allegedly interfering patent claims is analyzed to determine if they cover or define the same patentable invention. *See id.* at 934. Under this test, the patent claims interfere if one claim, assuming it is prior art, would anticipate or render obvious the other claim and vice versa. *See id.* Thus, in order to analyze whether an interference-in-fact exists, the

Pergo and Unilin patent claims that are alleged to interfere must be construed and compared to each other. If claims from two patents are found to interfere, the court determines which interfering patent claims survive by determining which were invented first (also known as determining which claims have "priority"). *See id.* at 935-36.

In the Uniboard action, Uniboard generally has alleged that the claims of the eight Unilin patents are invalid. *See* Dkt. #1, ¶ 20. Although Uniboard has not detailed its invalidity contentions, at minimum, just as with Pergo's interference claims, resolving Uniboard's allegations would require construing the claims of the eight Unilin patents, conducting discovery relating to the inventions of the Unilin patents, and evaluating factors relating to validity. *See, e.g., TI Group Auto. Sys.(N. Am.), Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1139 (Fed. Cir. 2004).

Consolidation will prevent the needless duplication of discovery, briefing and hearings required to construe the claims of the Unilin patents. In fact, these events are already scheduled to occur in the Uniboard Action. *See* Dkt. #22, Scheduling Order. Should an interference-in-fact be established, resolving discovery and evidentiary disputes relating to when the Unilin invention took place will be an issue in both the Pergo Action (for purposes of determining priority) and the Uniboard Action (*e.g.*, for purposes of determining what is prior art). The validity of the Unilin patents is also a common issue to both actions. Thus, "[t]here is little logic in forcing the Court to educate itself on the intricate factual details and complex legal issues common to both suits on two occasions, in preparation for two separate trials." *Rohm*, 525 F. Supp. at 1310. Additionally, "both cases will undoubtedly involve a large number of the same witnesses, and the same documentary evidence and exhibits, thus raising the specter of inefficient and wasteful duplication" unless consolidation occurs. *Id.*

No prejudice will be suffered by any party as a result of consolidating the cases. First, there is no danger of delay for either case. Discovery has yet to begin in either action. Second, neither plaintiff will be disadvantaged by the presence of the other in the same consolidated action. Uniboard and Pergo are related companies that are using the same counsel in the two related actions before this Court. No prejudice would arise from consolidating the two actions, both of which are already in front of this Court and against a common defendant.

In sum, the duplication and overlap between the two actions mandate that they be consolidated.

## IV.    CONCLUSION

For the reasons stated above, this Court should grant Unilin's Motion to Consolidate.

Respectfully submitted, this the 26th day of June, 2008.

/s/ David P. Murray
David P. Murray (D.C. Bar No. 401158)
Attorney for Defendant/Counterclaim Plaintiffs
  Unilin Beheer B.V. and
  Flooring Industries Ltd., sarl
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
E-mail: dmurray@willkie.com

John M. DiMatteo
Steven H. Reisberg
Leslie M Spencer
David D. Lee
Fara S. Sunderji
Ketan Pastakia
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2008, I caused a copy of Defendant

Unilin's Motion To Consolidate to be sent by hand and First Class Mail to the following persons:

> Richard L. Brusca
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
> 1440 New York Avenue, N.W.
> Washington, D.C. 20005


By:  /s/ David P. Murray_____
       For Defendant/Counterclaim Plaintiffs
       Unilin Beheer B.V. and
       Flooring Industries Ltd., sarl

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PERGO (EUROPE) AB ) | |
| Strandridaregatan 8 ) | Civil Action No._____ |
| Box 1010 ) | |
| 231 25 Trelleborg ) | |
| Sweden, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNILIN BEHEER B.V. ) | |
| Hoogeveenenweg 28 ) | |
| 2913 LV Nieuwerkerk Ad Ijssel ) | |
| Netherlands, ) | |
| Defendant. ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR INTERFERENCE**

**PURSUANT TO 35 U.S.C. § 291**

Plaintiff Pergo (Europe) AB ("Pergo") hereby alleges the following causes of

action for an interference pursuant to 35 U.S.C. § 291, which action arises under the patent laws

of the United States and which action seeks a declaration that Pergo was the prior inventor of

certain subject matter disclosed and claimed in various United States patents and that various

United States patents owned by Unilin Beheer B.V. ("Unilin") claiming substantially the same

subject matter are, consequently, invalid:

**THE PARTIES**

1.      Pergo is a Swedish corporation having its principal place of business in

Trelleborg, Sweden.

2.      Pergo is the owner by assignment of the Pergo Patents, as defined below.

3.      Upon information and belief, Unilin is a Dutch corporation with its principal place of business in Ijssel, Netherlands.

4.      Upon information and belief, Unilin is the owner by assignment of the Unilin Patents, as defined below, and has failed to record a domestic representative for service of process with the United States Patent and Trademark Office (hereinafter, "PTO") for any of these patents.

## JURISDICTION AND VENUE

5.      This action for patent interference arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and pursuant to 35 U.S.C. § 291.

6.      Pursuant to 35 U.S.C. § 293, this Court has personal jurisdiction over Unilin because this Court has jurisdiction to take any action with respect to the patents-in-suit when no person, on whom may be served process or notice of proceedings affecting the patents or rights thereunder, has been designated with the PTO.

7.      In addition, this Court has personal jurisdiction over Unilin because, upon information and belief, Unilin has established at least minimum contacts with this forum such that the exercise of jurisdiction over Unilin will not offend traditional notions of fair play and substantial justice.

8.      Venue is proper in this judicial district pursuant to 35 U.S.C. § 293 and 28 U.S.C. §§ 1391 and 1400.

## DEVELOPMENT OF PERGO'S PATENTED TECHNOLOGY

9.      In 1977, Pergo invented laminate flooring, which it began selling in 1980. Pergo's laminate floor panels can recreate the look and feel of real wood (as well as many other

2

materials) without using bulky wooden planks. Pergo's laminate flooring consists of a substrate comprised of wood particles and resin, various internal protective layers, a decorative layer containing a printed image, one or more outer protective layers, and a top surface wear layer.

10. Some advantages of the laminate panels over traditional wood floor planks are that the laminate panels are more resistant to moisture, are less susceptible to expansion and compression, and are wear- and scratch-resistant.

11. Initially, Pergo used a traditional tongue-and-groove joint with its laminate panels and employed glue as an adhesive sealant between the panels to create a rigid joint and prevent gaps or spaces from forming between joined panel edges.

12. Using glue to secure the tongue-and-groove joint of the laminate panels works very well to create a strong, rigid joint that prevents gapping between the panels and resists penetration of water or dirt through the joint.

13. The recognized drawbacks of glued joints include the length of time needed to assemble the panels with glue and the mess involved in the use of glue.

14. In an effort to avoid these drawbacks, Pergo explored the development of glueless mechanically locking panels beginning in the early 1990's.

15. Pergo's primary objective in developing a glueless joint was to provide the same strength and rigidity of the glued joint that prevented gapping between the panels and avoided penetration of water or dirt through the joint.

16. Between 1990 and 1994, Göran Mårtensson, then a Pergo employee, experimented with tongue-and-groove configurations that would allow laminate panels to be joined together without glue but still maintain the properties of a glued joint, such as rigidity, gap-free appearance, strength, and resistance to water and dirt penetration through the joint.

3

17.     During this time period, Mårtensson succeeded in developing a strong and rigid, glueless, mechanically locking joint that prevented gapping between the panels and resisted penetration of water or dirt between the panels, just as the glued joint did.

18.     Mårtensson determined that an effective way to achieve the rigidity and gap-free construction of a glued joint in a glueless construction is to design the tongue and groove in such a way that, when engaged, structures in the joint would interact so as to exert a force to urge the panels together.

19.     On March 7, 1995, Pergo acted to protect Mårtensson's invention of the glueless mechanically locking joint by filing Swedish Patent Application No. 9500810 (hereinafter, "the SE '810 appln.").

20.     On February 29, 1996, Pergo acted again to protect Mårtensson's invention by filing PCT application PCT WO 96/27721 (hereinafter "the '721 PCT"), entitled "Floor Panel or Wall Panel and Use thereof." The '721 PCT claims priority to the SE '810 appln., and was published on September 12, 1996.

## THE PERGO PATENTS AT ISSUE

21.     On August 15, 2000, the PTO issued U.S. Patent No. 6,101,778 (hereinafter, "the '778 patent") (attached hereto as Exhibit A), entitled "Flooring Panel or Wall Panel and Use Thereof," identifying Göran Mårtensson as the inventor.

22.     On June 4, 2002, the PTO issued U.S. Patent No. 6,397,547 (hereinafter, "the '547 patent") (attached hereto as Exhibit B), entitled "Flooring Panel or Wall Panel and Uses Thereof," identifying Göran Mårtensson as the inventor.

4

23.     On July 16, 2002, the PTO issued U.S. Patent No. 6,418,683 (hereinafter, "the '683 patent") (attached hereto as Exhibit C), entitled "Flooring Panel or Wall Panel and Use Thereof," identifying Göran Mårtensson and Magnus Külik as the inventors.

24.     On July 23, 2002, the PTO issued U.S. Patent No. 6,421,970 (hereinafter, "the '970 patent") (attached hereto as Exhibit D), entitled "Flooring Panel or Wall Panel and Use Thereof," identifying Göran Mårtensson and Magnus Külik as the inventors.

25.     The '778, '547, '683, and '970 patents (hereinafter, "Pergo Patents") claim priority, at least in part, to the March 7, 1995 filing date of the SE '810 appln. and the February 29, 1996 filing date of the '721 PCT.

## UNILIN'S SUBSEQUENT DEVELOPMENT OF SUBSTANTIALLY THE SAME TECHNOLOGY

26.     In January 1996, nearly ten months after the filing of Pergo's SE '810 appln., both Pergo and Unilin employees attended the Domotex flooring trade show in Hannover, Germany, an annual trade show attended by much of the flooring industry.

27.     Alloc A/S (hereinafter, "Alloc"), a laminate flooring company, displayed samples of its current work at the 1996 Domotex trade show. In particular, Alloc displayed a mechanically locking laminate flooring prototype that used an aluminum strip locking mechanism affixed to the panel edges to facilitate joining (hereinafter, "the Alloc system"). This locking mechanism purposely and necessarily incorporated a "play" in the joint which allowed joined panels to be easily displaced relative to one another, and also made assembly and disassembly easier. However, this "play" allowed gaps to form between the panels, which detracted from the appearance and performance of the flooring.

5

28.     The Alloc system accomplished different goals than those accomplished by Mårtensson's invention. The Alloc system's joint incorporated a play that allowed for easy assembly and disassembly of the laminate panels but resulted in a flexible joint that was not rigid and brought about undesirable gaps. The focus of Mårtensson's invention, by contrast, was not ease of assembly or disassembly, but rather was on achieving a rigid, gap-free joint that would resist penetration of dirt or water through the joint.

29.     On information and belief, Unilin employees visited the Alloc display and saw the Alloc system. On information and belief, as of the Domotex trade show, Unilin had not conceived of and had no projects relating to glueless mechanically locking joints.

30.     On information and belief, following the Domotex trade show, Unilin sought to develop a glueless laminate flooring joint with all the benefits of a glued joint – just as Mårtensson had done. On information and belief, Unilin, like Pergo, wished to develop a mechanically locking laminate floor joint that mimicked the rigid, gap-free construction of glued joints, in contrast to the loose Alloc "play" joint that is geared toward ease of assembly and disassembly.

31.     On April 15, 1997, Unilin filed a patent application directed to mechanically locking floor joints, Belgian Patent Application No. 9700344 (hereinafter, "the BE '344 appln."), entitled "Floor covering, consisting of hard floor panels and method for manufacturing such floor panels." The BE '344 appln. was preceded by a June 11, 1996 Unilin patent application directed to mechanically locking floor joints, Belgian Patent Application No. 09600527 (hereinafter, "the BE '527 appln."), entitled "Floor coverings, consisting of hard floor panels and method for manufacturing such floor panels." The BE '344 appln. added information not found in the BE '527 appln. This additional information includes the embodiments shown in

6

Figs. 22-25 of the Unilin patents, and a discussion of "biasing forces" and "pretension" when the panels are coupled – an embodiment present in Pergo's '721 PCT, which had already published by the time Unilin filed the BE '344 appln.

32.     Both Pergo's 1995 SE '810 appln. and Unilin's 1997 BE' 344 appln. claimed substantially the same invention: a mechanically locking joint that urged floor panels together when coupled.

## THE UNILIN PATENTS AT ISSUE

33.     On December 28, 1999, the PTO issued U.S. Patent No. 6,006,486 (hereinafter, "the '486 patent") (attached hereto as Exhibit E), entitled "Floor Panel with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

34.     On December 10, 2002, the PTO issued U.S. Patent No. 6,490,836 (hereinafter, "the '836 patent") (attached hereto as Exhibit F), entitled "Floor Panel with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

35.     On April 5, 2005, the PTO issued U.S. Patent No. 6,874,292 (hereinafter, "the '292 patent") (attached hereto as Exhibit G), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

36.     On August 16, 2005, the PTO issued U.S. Patent No. 6,928,779 (hereinafter, "the '779 patent") (attached hereto as Exhibit H), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

37.     On October 18, 2005, the PTO issued U.S. Patent No. 6,955,020 (hereinafter, "the '020 patent") (attached hereto as Exhibit I), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

38.     On February 7, 2006, the PTO issued U.S. Patent No. 6,993,877 (hereinafter, "the '877 patent") (attached hereto as Exhibit J), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

39.     On May 9, 2006, the PTO issued U.S. Patent No. 7,040,068 (hereinafter, "the '068 patent") (attached hereto as Exhibit K), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

40.     On February 12, 2008, the PTO issued U.S. Patent No. 7,328,536 (hereinafter, "the '536 patent") (attached hereto as Exhibit L), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

41.     The '486, '836, '292, '779, '020, '877, '068, and '536 patents (hereinafter, "Unilin Patents") claim priority to the June 11, 1996 filing date of the BE '527 appln. and the April 15, 1997 filing date of the BE '344 appln. However, for at least the reasons set forth in paragraph 31 above, not all claims of Unilin patents are entitled to the June 11, 1996 priority date.

8

## THE PERGO AND UNILIN PATENTS ARE DIRECTED TO SUBSTANTIALLY THE

## SAME SUBJECT MATTER

42.     The Pergo Patents and the Unilin Patents claim substantially the same invention. Some representative areas of overlap between the Pergo Patents' claims and the Unilin Patents' claims are set forth in paragraphs 43 to 49 below.

43.     Both the Pergo Patents and the Unilin Patents claim floor coverings comprised of glueless, mechanically locking panels made from a wood-based core, containing coupling parts substantially in the form of a tongue and groove, and further containing locking elements that are formed to cooperate with each other when the panels are engaged such that the panels are prevented from drifting apart in a direction perpendicular to the panel edges.

44.     In both the Pergo Patents and the Unilin Patents, connections between panels are accomplished by the edge connector profiles. These edge connector profiles are comprised of tongue and groove formations that engage with each other. Interlocking of the tongue and groove is accomplished by the presence of locking elements, or protrusions and depressions, specifically formed to cooperate with each other.

45.     Both the Pergo Patents and the Unilin Patents disclose one or more clearances between the tongue and the groove.

46.     The Pergo Patents and the Unilin Patents both require that floor panels are mechanically joined together such that the panels are prevented from unintentional separation in a direction perpendicular to the joined panel edges. This is accomplished in both by profiles that, when in the coupled position, provide for a "biasing force" acting on the panels urging them toward each other.

47.     Both the Pergo Patents and the Unilin Patents require the lower lip of the groove to be displaced from the relaxed position in a horizontal direction when the panels are engaged.

48.     In both the Pergo Patents and the Unilin Patents, the claimed joint design requires that there be a pretension/urging together (brought about by the biasing force) such that the edges of the panels are urged against each other.

49.     Further, both the Pergo Patents and the Unilin Patents provide that the flooring is made of a composite wood-based material. The patents also provide for a decorative surface to be incorporated into the floorboards.

## RELATED PRODUCTS

50.     Pergo and Unilin, either directly or through their related entities, market mechanically locking floorboards that feature glueless, rigid, gap-free joints.

51.     Pergo and Unilin manufacture products that commercialize their inventions embodied in their respective patents and are marked with their applicable patent numbers. The commercial products that emanate from the Pergo Patents and the Unilin Patents compete against each other, and are substantially the same in that their joints urge the panels together without glue.

52.     Pergo LLC, a North Carolina company related to Pergo, manufactures and sells glueless mechanically locking floor panels in the United States that are covered by the Pergo Patents (hereinafter, "Pergo Products").

53.     Everyday, Accolade, Accolade Tiles, Vintage Home, Select, American Cottage and Casual Living are brand names of some of the Pergo Products.

10

54. Upon information and belief, Unilin Flooring Limited, NC LLC, a subsidiary of Unilin Beheer B.V., manufactures and sells glueless mechanically locking floor panels in the United States (hereinafter, "Unilin Products").

55. Quick-Step is a proprietary brand name of the Unilin Products. In addition, Unilin has licensed its patents to numerous companies who manufacture and sell products under their own brand names. Upon information and belief, when Unilin licenses its patents, it requires its licensees to use a specific "Uniclic" profile on their licensed products (hereinafter, "the Uniclic profile").

## UNTIL NOW, LICENSING RELATIONS OBVIATED THE NEED FOR A JUDICIAL DETERMINATION OF INVALIDITY OF THE UNILIN PATENTS

56. Until recently, Pergo and Unilin have coexisted in the flooring market by virtue of licensing relationships that obviated the need for Pergo to seek a legal determination of its patent rights relative to Unilin.

57. In 2000, Pergo responded to pressure from its largest U.S. customer at that time, The Home Depot, to offer a product with the Uniclic profile. Accordingly, on June 22, 2000, Flooring Industries Ltd., an Irish corporation (hereinafter, "Flooring Industries"), and Pergo Holding AB, a Swedish corporation, entered into a License Agreement for Specific Uniclic Profile (hereinafter, "License Agreement"). Upon information and belief, Flooring Industries had obtained a sublicense from Unilin to exploit certain patent rights including but not limited to the rights to the '486 patent.

58. According to the License Agreement, Flooring Industries granted Pergo Holding AB a non-exclusive and non-transferable license to, inter alia, the '486 patent for the use, manufacture and sale of the Uniclic profile. Pursuant to this license, for a number of years,

11

Pergo sold exclusively through The Home Depot a product called Pergo Presto that used the Uniclic profile.

59.     On November 8, 2004, Unilin Beeher B.V., Unilin Flooring NV, Flooring Industries Ltd., Unilin Flooring NC, LLC, and Quick-Step NC, LLC (collectively, the "Unilin Group") and Pergo, Pergo AB, a Swedish corporation, and Pergo Inc. (the predecessor to Pergo LLC), an American corporation (collectively, the "Pergo Group"), entered into a cross-license agreement (hereinafter, "Cross-License Agreement").

60.     According to the Cross-License Agreement, Pergo granted the Unilin Group a non-exclusive, royalty-free, non-sublicensable license to certain Pergo intellectual property related to glueless flooring to manufacture or sell the Uniclic profile within the United States and Canada. The licensed intellectual property included but was not limited to the Pergo Patents.

61.     According to the Cross-License Agreement, Flooring Industries granted the Pergo Group a non-exclusive, royalty-free, non-sublicensable license to certain Unilin intellectual property related to glueless flooring to manufacture and sell certain mechanically locking laminate flooring products within the United States and Canada. The licensed intellectual property included but was not limited to the Unilin Patents.

62.     In a press release posted on Flooring Industries' website on March 7, 2008, Flooring Industries stated, "Unilin's license agreement with Pergo for glueless locking systems was terminated according to the terms of the prior agreement."

63.     Pergo maintains that the License Agreement is still in force, and has continued to comply with its terms. Nevertheless, Pergo brings this action to obtain a ruling that

the Unilin Patents are invalid based on prior invention by Pergo, in view of the real and immediate controversy between the parties regarding their respective patent rights.

## COUNT I
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

64.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

65.     Unilin's '486 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

66.     Pergo's '683 patent has priority over Unilin's '486 patent. As a result, the interfering claims in Unilin's '486 patent are invalid in view of Pergo's '683 patent.

## COUNT II
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

67.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

68.     Unilin's '836 patent and Pergo's '778 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

69.     Pergo's '778 patent has priority over Unilin's '836 patent. As a result, the interfering claims in Unilin's '836 patent are invalid in view of Pergo's '778 patent.

## COUNT III
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

70.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

71.     Unilin's '836 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

72.     Pergo's '683 patent has priority over Unilin's '836 patent. As a result, the interfering claims in Unilin's '836 patent are invalid in view of Pergo's '683 patent.

## COUNT IV
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

73.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

74.     Unilin's '292 patent and Pergo's '778 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

75.     Pergo's '778 patent has priority over Unilin's '292 patent. As a result, the interfering claims in Unilin's '292 patent are invalid in view of Pergo's '778 patent.

## COUNT V
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

76.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

77.     Unilin's '292 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

78.     Pergo's '683 patent has priority over Unilin's '292 patent. As a result, the interfering claims in Unilin's '292 patent are invalid in view of Pergo's '683 patent.

## COUNT VI
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

79.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

80.     Unilin's '779 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

81.     Pergo's '547 patent has priority over Unilin's '779 patent. As a result, the interfering claims in Unilin's '779 patent are invalid in view of Pergo's '547 patent.

## COUNT VII
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

82.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

83.     Unilin's '020 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

84.     Pergo's '683 patent has priority over Unilin's '020 patent. As a result, the interfering claims in Unilin's '020 patent are invalid in view of Pergo's '683 patent.

## COUNT VIII
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

85.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

86.     Unilin's '877 patent and Pergo's '970 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

15

87.      Pergo's '970 patent has priority over Unilin's '877 patent.  As a result, the

interfering claims in Unilin's '877 patent are invalid in view of Pergo's '970 patent.

## COUNT IX
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

88.      Pergo incorporates herein by reference Paragraphs 1 through 63 of this

Complaint as if set forth in full.

89.      Unilin's '068 patent and Pergo's '778 patent are interfering patents, within

the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or

substantially the same subject matter.

90.      Pergo's '778 patent has priority over Unilin's '068 patent.  As a result, the

interfering claims in Unilin's '068 patent are invalid in view of Pergo's '778 patent.

## COUNT X
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

91.      Pergo incorporates herein by reference Paragraphs 1 through 63 of this

Complaint as if set forth in full.

92.      Unilin's '068 patent and Pergo's '970 patent are interfering patents, within

the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or

substantially the same subject matter.

93.      Pergo's '970 patent has priority over Unilin's '068 patent.  As a result, the

interfering claims in Unilin's '068 patent are invalid in view of Pergo's '970 patent.

## COUNT XI
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

94.      Pergo incorporates herein by reference Paragraphs 1 through 63 of this

Complaint as if set forth in full.

95.     Unilin's '536 patent and Pergo's '778 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

96.     Pergo's '778 patent has priority over Unilin's '536 patent. As a result, the interfering claims in Unilin's '536 patent are invalid in view of Pergo's '778 patent.

## COUNT XII
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

97.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

98.     Unilin's '536 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

99.     Pergo's '547 patent has priority over Unilin's '536 patent. As a result, the interfering claims in Unilin's '536 patent are invalid in view of Pergo's '547 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pergo requests the following relief:

(i)      a judgment declaring that Unilin's '486 patent and Pergo's '683 patent are interfering patents;

(ii)     a judgment declaring that Pergo's '683 patent has priority over Unilin's '486 patent;

(iii)    a judgment that Unilin's '486 patent is invalid;

(iv)    a judgment declaring that Unilin's '836 patent and Pergo's '778 patent are interfering patents;

(v)     a judgment declaring that Pergo's '778 patent has priority over Unilin's '836 patent;

(vi)    a judgment declaring that Unilin's '836 patent and Pergo's '683 patent are interfering patents;

(vii)   a judgment declaring that Pergo's '683 patent has priority over Unilin's '836 patent;

(viii)  a judgment that Unilin's '836 patent is invalid;

(ix)    a judgment declaring that Unilin's '292 patent and Pergo's '778 patent are interfering patents;

(x)     a judgment declaring that Pergo's '778 patent has priority over Unilin's '292 patent;

(xi)    a judgment declaring that Unilin's '292 patent and Pergo's '683 patent are interfering patents;

(xii)   a judgment declaring that Pergo's '683 patent has priority over Unilin's '292 patent;

(xiii)  a judgment that Unilin's '292 patent is invalid;

(xiv)   a judgment declaring that Unilin's '779 patent and Pergo's '547 patent are interfering patents;

(xv)    a judgment declaring that Pergo's '547 patent has priority over Unilin's '779 patent;

(xvi)   a judgment that Unilin's '779 patent is invalid;

(xvii)  a judgment declaring that Unilin's '020 patent and Pergo's '683 patent are interfering patents;

18

(xviii) a judgment declaring that Pergo's '683 patent has priority over Unilin's '020 patent;

(xix) a judgment that Unilin's '020 patent is invalid;

(xx) a judgment declaring that Unilin's '877 patent and Pergo's '970 patent are interfering patents;

(xxi) a judgment declaring that Pergo's '970 patent has priority over Unilin's '877 patent;

(xxii) a judgment that Unilin's '877 patent is invalid;

(xxiii) a judgment declaring that Unilin's '068 patent and Pergo's '778 patent are interfering patents;

(xxiv) a judgment declaring that Pergo's '778 patent has priority over Unilin's '068 patent;

(xxv) a judgment declaring that Unilin's '068 patent and Pergo's '970 patent are interfering patents;

(xxvi) a judgment declaring that Pergo's '970 patent has priority over Unilin's '068 patent;

(xxvii) a judgment that Unilin's '068 patent is invalid;

(xxviii) a judgment declaring that Unilin's '536 patent and Pergo's '778 patent are interfering patents;

(xxix) a judgment declaring that Pergo's '778 patent has priority over Unilin's '536 patent;

(xxx) a judgment declaring that Unilin's '536 patent and Pergo's '547 patent are interfering patents;

19

(xxxi)  a judgment declaring that Pergo's '547 patent has priority over Unilin's '536 patent;

(xxxii) a judgment that Unilin's '536 patent is invalid;

(xxxiii) a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and Pergo is entitled to its reasonable attorneys' fees, expenses, and costs incurred in this action; and

(xxxiv) any such other and further relief as the Court deems just and proper.

Dated: April 15, 2008

Respectfully submitted,

**Of Counsel**

Edward V. Filardi
Douglas R. Nemec
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10036
(212) 735-3000
efilardi@skadden.com

Richard L. Brusca
D.C. Bar No. 366746
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

rbrusca@skadden.com

*Counsel for Plaintiff Pergo (Europe) AB*

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

**FILED**

APR 15 2008

Clerk, U.S. District and
Bankruptcy Courts

Civil Action No. **08 0659**
(To be supplied by the Clerk)

NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I.    RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case:   [Check appropriate box(e's) below.]

[ ]   (a)   relates to common property

[ ]   (b)   involves common issues of fact

[ ]   (c)   grows out of the same event or transaction

[x]   (d)   involves the validity or infringement of the same patent

[ ]   (e)   is filed by the same pro se litigant

2.    RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: [ ]

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT): _____

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E'S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

Uniboard Canada, Inc. _____ v. Unilin Beheer B.V. _____ C.A. No. **08-cv-0399** RCL

April 15, 2008
DATE

Signature of Plaintiff /Defendant (or counsel)

2

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

### NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
### IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

#### NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

#### NOTICE TO DEFENDANT:

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

#### NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

1. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(e's) below.]

☐ (a)   relates to common property

☐ (b)   involves common issues of fact

☐ (c)   grows out of the same event or transaction

☒ (d)   involves the validity or infringement of the same patent

☐ (e)   is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and same subject matter.

Check box if new case is related to a dismissed case: ☐

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

**Eastern District of North Carolina**

4. CAPTION AND CASE NUMBER OF RELATED CASE(E'S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**Pergo LLC et al**          v.   **Unilin Beheer B.V. et al**          C.A. No.  **08-cv-0091**

**April 15, 2008**
DATE                          Signature of Plaintiff/Defendant (or counsel)

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CO-932
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

———————————

The plaintiff, defendant or counsel must complete the following:

I.    RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case:  [Check appropriate box(e's) below.]

☐   (a)   relates to common property

☐   (b)   involves common issues of fact

☐   (c)   grows out of the same event or transaction

☒   (d)   involves the validity or infringement of the same patent

☐   (e)   is filed by the same pro se litigant

2.    RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case:  ☐

3.    NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):
**Eastern District of Wisconsin**

4.    CAPTION AND CASE NUMBER OF RELATED CASE(E'S).  IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

**Alloc, Inc., et al**                    v.    **Pergo, Inc., et al**                    C.A. No. **02-cv-0736**

**April 15, 2008**
DATE                                    Signature of Plaintiff /Defendant (or counsel)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| PERGO (EUROPE) AB ) | |
| Strandridaregatan 8 ) | |
| Box 1010 ) | Civil Action No. 1:08-cv-00659 (RCL) |
| 231 25 Trelleborg ) | |
| Sweden, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNILIN BEHEER B.V. ) | |
| Hoogeveenenweg 28 ) | |
| 2913 LV Nieuwerkerk Ad Ijssel ) | |
| Netherlands, ) | |
| Defendant. ) | |

_____

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INTERFERENCE

### PURSUANT TO 35 U.S.C. § 291

Plaintiff Pergo (Europe) AB ("Pergo") hereby amends it causes of action for an

interference pursuant to 35 U.S.C. § 291, which action arises under the patent laws of the United

States and which action seeks a declaration that Pergo was the prior inventor of certain subject

matter disclosed and claimed in various United States patents and that various United States

patents owned by Unilin Beheer B.V. ("Unilin") claiming substantially the same subject matter

are, consequently, invalid, as follows:

### THE PARTIES

1.      Pergo is a Swedish corporation having its principal place of business in

Trelleborg, Sweden.

2.      Pergo is the owner by assignment of the Pergo Patents, as defined below.

3.       Upon information and belief, Unilin is a Dutch corporation with its principal place of business in Ijssel, Netherlands.

4.       Upon information and belief, Unilin is the owner by assignment of the Unilin Patents, as defined below, and has failed to record a domestic representative for service of process with the United States Patent and Trademark Office (hereinafter, "PTO") for any of these patents.

### JURISDICTION AND VENUE

5.       This action for patent interference arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and pursuant to 35 U.S.C. § 291.

6.       Pursuant to 35 U.S.C. § 293, this Court has personal jurisdiction over Unilin because this Court has jurisdiction to take any action with respect to the patents-in-suit when no person, on whom may be served process or notice of proceedings affecting the patents or rights thereunder, has been designated with the PTO.

7.       In addition, this Court has personal jurisdiction over Unilin because, upon information and belief, Unilin has established at least minimum contacts with this forum such that the exercise of jurisdiction over Unilin will not offend traditional notions of fair play and substantial justice.

8.       Venue is proper in this judicial district pursuant to 35 U.S.C. § 293 and 28 U.S.C. §§ 1391 and 1400.

### DEVELOPMENT OF PERGO'S PATENTED TECHNOLOGY

9.       In 1977, Pergo invented laminate flooring, which it began selling in 1980. Pergo's laminate floor panels can recreate the look and feel of real wood (as well as many other

materials) without using bulky wooden planks.  Pergo's laminate flooring consists of a substrate comprised of wood particles and resin, various internal protective layers, a decorative layer containing a printed image, one or more outer protective layers, and a top surface wear layer.

10.      Some advantages of the laminate panels over traditional wood floor planks are that the laminate panels are more resistant to moisture, are less susceptible to expansion and compression, and are wear- and scratch-resistant.

11.      Initially, Pergo used a traditional tongue-and-groove joint with its laminate panels and employed glue as an adhesive sealant between the panels to create a rigid joint and prevent gaps or spaces from forming between joined panel edges.

12.      Using glue to secure the tongue-and-groove joint of the laminate panels works very well to create a strong, rigid joint that prevents gapping between the panels and resists penetration of water or dirt through the joint.

13.      The recognized drawbacks of glued joints include the length of time needed to assemble the panels with glue and the mess involved in the use of glue.

14.      In an effort to avoid these drawbacks, Pergo explored the development of glueless mechanically locking panels beginning in the early 1990's.

15.      Pergo's primary objective in developing a glueless joint was to provide the same strength and rigidity of the glued joint that prevented gapping between the panels and avoided penetration of water or dirt through the joint.

16.      Between 1990 and 1994, Göran Mårtensson, then a Pergo employee, experimented with tongue-and-groove configurations that would allow laminate panels to be joined together without glue but still maintain the properties of a glued joint, such as rigidity, gap-free appearance, strength, and resistance to water and dirt penetration through the joint.

3

17.     During this time period, Mårtensson succeeded in developing a strong and rigid, glueless, mechanically locking joint that prevented gapping between the panels and resisted penetration of water or dirt between the panels, just as the glued joint did.

18.     Mårtensson determined that an effective way to achieve the rigidity and gap-free construction of a glued joint in a glueless construction is to design the tongue and groove in such a way that, when engaged, structures in the joint would interact so as to exert a force to urge the panels together.

19.     On March 7, 1995, Pergo acted to protect Mårtensson's invention of the glueless mechanically locking joint by filing Swedish Patent Application No. 9500810 (hereinafter, "the SE '810 appln.").

20.     On February 29, 1996, Pergo acted again to protect Mårtensson's invention by filing PCT application PCT WO 96/27721 (hereinafter "the '721 PCT"), entitled "Floor Panel or Wall Panel and Use thereof."  The '721 PCT claims priority to the SE '810 appln., and was published on September 12, 1996.

## THE PERGO PATENTS AT ISSUE

21.     On August 15, 2000, the PTO issued U.S. Patent No. 6,101,778 (hereinafter, "the '778 patent") (attached hereto as Exhibit A), entitled "Flooring Panel or Wall Panel and Use Thereof," identifying Göran Mårtensson as the inventor.

22.     On June 4, 2002, the PTO issued U.S. Patent No. 6,397,547 (hereinafter, "the '547 patent") (attached hereto as Exhibit B), entitled "Flooring Panel or Wall Panel and Uses Thereof," identifying Göran Mårtensson as the inventor.

23.    On July 16, 2002, the PTO issued U.S. Patent No. 6,418,683 (hereinafter, "the '683 patent") (attached hereto as Exhibit C), entitled "Flooring Panel or Wall Panel and Use Thereof," identifying Göran Mårtensson and Magnus Külik as the inventors.

24.    On July 23, 2002, the PTO issued U.S. Patent No. 6,421,970 (hereinafter, "the '970 patent") (attached hereto as Exhibit D), entitled "Flooring Panel or Wall Panel and Use Thereof," identifying Göran Mårtensson and Magnus Külik as the inventors.

25.    The '778, '547, '683, and '970 patents (hereinafter, "Pergo Patents") claim priority, at least in part, to the March 7, 1995 filing date of the SE '810 appln. and the February 29, 1996 filing date of the '721 PCT.

## UNILIN'S SUBSEQUENT DEVELOPMENT OF SUBSTANTIALLY THE SAME TECHNOLOGY

26.    In January 1996, nearly ten months after the filing of Pergo's SE '810 appln., both Pergo and Unilin employees attended the Domotex flooring trade show in Hannover, Germany, an annual trade show attended by much of the flooring industry.

27.    Alloc A/S (hereinafter, "Alloc"), a laminate flooring company, displayed samples of its current work at the 1996 Domotex trade show.  In particular, Alloc displayed a mechanically locking laminate flooring prototype that used an aluminum strip locking mechanism affixed to the panel edges to facilitate joining (hereinafter, "the Alloc system").  This locking mechanism purposely and necessarily incorporated a "play" in the joint which allowed joined panels to be easily displaced relative to one another, and also made assembly and disassembly easier.  However, this "play" allowed gaps to form between the panels, which detracted from the appearance and performance of the flooring.

28.     The Alloc system accomplished different goals than those accomplished by Mårtensson's invention.  The Alloc system's joint incorporated a play that allowed for easy assembly and disassembly of the laminate panels but resulted in a flexible joint that was not rigid and brought about undesirable gaps.  The focus of Mårtensson's invention, by contrast, was not ease of assembly or disassembly, but rather was on achieving a rigid, gap-free joint that would resist penetration of dirt or water through the joint.

29.     On information and belief, Unilin employees visited the Alloc display and saw the Alloc system.  On information and belief, as of the Domotex trade show, Unilin had not conceived of and had no projects relating to glueless mechanically locking joints.

30.     On information and belief, following the Domotex trade show, Unilin sought to develop a glueless laminate flooring joint with all the benefits of a glued joint – just as Mårtensson had done.  On information and belief, Unilin, like Pergo, wished to develop a mechanically locking laminate floor joint that mimicked the rigid, gap-free construction of glued joints, in contrast to the loose Alloc "play" joint that is geared toward ease of assembly and disassembly.

31.     On April 15, 1997, Unilin filed a patent application directed to mechanically locking floor joints, Belgian Patent Application No. 9700344 (hereinafter, "the BE '344 appln."), entitled "Floor covering, consisting of hard floor panels and method for manufacturing such floor panels."  The BE '344 appln. was preceded by a June 11, 1996 Unilin patent application directed to mechanically locking floor joints, Belgian Patent Application No. 09600527 (hereinafter, "the BE '527 appln."), entitled "Floor coverings, consisting of hard floor panels and method for manufacturing such floor panels."  The BE '344 appln. added information not found in the BE '527 appln.  This additional information includes the embodiments shown in

6

Figs. 22-25 of the Unilin patents, and a discussion of "biasing forces" and "pretension" when the panels are coupled – an embodiment present in Pergo's '721 PCT, which had already published by the time Unilin filed the BE '344 appln.

32.      Both Pergo's 1995 SE '810 appln. and Unilin's 1997 BE' 344 appln. claimed substantially the same invention: a mechanically locking joint that urged floor panels together when coupled.

## THE UNILIN PATENTS AT ISSUE

33.      On December 28, 1999, the PTO issued U.S. Patent No. 6,006,486 (hereinafter, "the '486 patent") (attached hereto as Exhibit E), entitled "Floor Panel with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

34.      On December 10, 2002, the PTO issued U.S. Patent No. 6,490,836 (hereinafter, "the '836 patent") (attached hereto as Exhibit F), entitled "Floor Panel with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

35.      On April 5, 2005, the PTO issued U.S. Patent No. 6,874,292 (hereinafter, "the '292 patent") (attached hereto as Exhibit G), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

36.      On August 16, 2005, the PTO issued U.S. Patent No. 6,928,779 (hereinafter, "the '779 patent") (attached hereto as Exhibit H), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

37.     On October 18, 2005, the PTO issued U.S. Patent No. 6,955,020 (hereinafter, "the '020 patent") (attached hereto as Exhibit I), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

38.     On February 7, 2006, the PTO issued U.S. Patent No. 6,993,877 (hereinafter, "the '877 patent") (attached hereto as Exhibit J), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

39.     On May 9, 2006, the PTO issued U.S. Patent No. 7,040,068 (hereinafter, "the '068 patent") (attached hereto as Exhibit K), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

40.     On February 12, 2008, the PTO issued U.S. Patent No. 7,328,536 (hereinafter, "the '536 patent") (attached hereto as Exhibit L), entitled "Floor Panels with Edge Connectors," identifying Stefan Simon Gustaaf Moriau, Mark Gaston Maurits Cappelle, and Bernard Paul Joseph Thiers as the inventors.

41.     The '486, '836, '292, '779, '020, '877, '068, and '536 patents (hereinafter, "Unilin Patents") claim priority to the June 11, 1996 filing date of the BE '527 appln. and the April 15, 1997 filing date of the BE '344 appln.  However, for at least the reasons set forth in paragraph 31 above, not all claims of Unilin patents are entitled to the June 11, 1996 priority date.

## THE PERGO AND UNILIN PATENTS ARE DIRECTED TO SUBSTANTIALLY THE SAME SUBJECT MATTER

42.     The Pergo Patents and the Unilin Patents claim substantially the same invention.  Some representative areas of overlap between the Pergo Patents' claims and the Unilin Patents' claims are set forth in paragraphs 43 to 49 below.

43.     Both the Pergo Patents and the Unilin Patents claim floor coverings comprised of glueless, mechanically locking panels made from a wood-based core, containing coupling parts substantially in the form of a tongue and groove, and further containing locking elements that are formed to cooperate with each other when the panels are engaged such that the panels are prevented from drifting apart in a direction perpendicular to the panel edges.

44.     In both the Pergo Patents and the Unilin Patents, connections between panels are accomplished by the edge connector profiles.  These edge connector profiles are comprised of tongue and groove formations that engage with each other.  Interlocking of the tongue and groove is accomplished by the presence of locking elements, or protrusions and depressions, specifically formed to cooperate with each other.

45.     Both the Pergo Patents and the Unilin Patents disclose one or more clearances between the tongue and the groove.

46.     The Pergo Patents and the Unilin Patents both require that floor panels are mechanically joined together such that the panels are prevented from unintentional separation in a direction perpendicular to the joined panel edges.  This is accomplished in both by profiles that, when in the coupled position, provide for a "biasing force" acting on the panels urging them toward each other.

47.     Both the Pergo Patents and the Unilin Patents require the lower lip of the groove to be displaced from the relaxed position in a horizontal direction when the panels are engaged.

48.     In both the Pergo Patents and the Unilin Patents, the claimed joint design requires that there be a pretension/urging together (brought about by the biasing force) such that the edges of the panels are urged against each other.

49.     Further, both the Pergo Patents and the Unilin Patents provide that the flooring is made of a composite wood-based material.  The patents also provide for a decorative surface to be incorporated into the floorboards.

## RELATED PRODUCTS

50.     Pergo and Unilin, either directly or through their related entities, market mechanically locking floorboards that feature glueless, rigid, gap-free joints.

51.     Pergo and Unilin manufacture products that commercialize their inventions embodied in their respective patents and are marked with their applicable patent numbers.  The commercial products that emanate from the Pergo Patents and the Unilin Patents compete against each other, and are substantially the same in that their joints urge the panels together without glue.

52.     Pergo LLC, a North Carolina company related to Pergo, manufactures and sells glueless mechanically locking floor panels in the United States that are covered by the Pergo Patents (hereinafter, "Pergo Products").

53.     Everyday, Accolade, Accolade Tiles, Vintage Home, Select, American Cottage and Casual Living are brand names of some of the Pergo Products.

54.     Upon information and belief, Unilin Flooring Limited, NC LLC, a subsidiary of Unilin Beheer B.V., manufactures and sells glueless mechanically locking floor panels in the United States (hereinafter, "Unilin Products").

55.     Quick-Step is a proprietary brand name of the Unilin Products.  In addition, Unilin has licensed its patents to numerous companies who manufacture and sell products under their own brand names.  Upon information and belief, when Unilin licenses its patents, it requires its licensees to use a specific "Uniclic" profile on their licensed products (hereinafter, "the Uniclic profile").

## UNTIL NOW, LICENSING RELATIONS OBVIATED THE NEED FOR A JUDICIAL DETERMINATION OF INVALIDITY OF THE UNILIN PATENTS

56.     Until recently, Pergo and Unilin have coexisted in the flooring market by virtue of licensing relationships that obviated the need for Pergo to seek a legal determination of its patent rights relative to Unilin.

57.     In 2000, Pergo responded to pressure from its largest U.S. customer at that time, The Home Depot, to offer a product with the Uniclic profile.  Accordingly, on June 22, 2000, Flooring Industries Ltd., an Irish corporation (hereinafter, "Flooring Industries"), and Pergo Holding AB, a Swedish corporation, entered into a License Agreement for Specific Uniclic Profile (hereinafter, "License Agreement").  Upon information and belief, Flooring Industries had obtained a sublicense from Unilin to exploit certain patent rights including but not limited to the rights to the '486 patent.

58.     According to the License Agreement, Flooring Industries granted Pergo Holding AB a non-exclusive and non-transferable license to, inter alia, the '486 patent for the use, manufacture and sale of the Uniclic profile.  Pursuant to this license, for a number of years,

11

Pergo sold exclusively through The Home Depot a product called Pergo Presto that used the Uniclic profile.

59.     On November 8, 2004, Unilin Beeher B.V., Unilin Flooring NV, Flooring Industries Ltd., Unilin Flooring NC, LLC, and Quick-Step NC, LLC (collectively, the "Unilin Group") and Pergo, Pergo AB, a Swedish corporation, and Pergo Inc. (the predecessor to Pergo LLC), an American corporation (collectively, the "Pergo Group"), entered into a cross-license agreement (hereinafter, "Cross-License Agreement").

60.     According to the Cross-License Agreement, Pergo granted the Unilin Group a non-exclusive, royalty-free, non-sublicensable license to certain Pergo intellectual property related to glueless flooring to manufacture or sell the Uniclic profile within the United States and Canada.  The licensed intellectual property included but was not limited to the Pergo Patents.

61.     According to the Cross-License Agreement, Flooring Industries granted the Pergo Group a non-exclusive, royalty-free, non-sublicensable license to certain Unilin intellectual property related to glueless flooring to manufacture and sell certain mechanically locking laminate flooring products within the United States and Canada.  The licensed intellectual property included but was not limited to the Unilin Patents.

62.     In a press release posted on Flooring Industries' website on March 7, 2008, Flooring Industries stated, "Unilin's license agreement with Pergo for glueless locking systems was terminated according to the terms of the prior agreement."

63.     Pergo maintains that the License Agreement is still in force, and has continued to comply with its terms.  Nevertheless, Pergo brings this action to obtain a ruling that

the Unilin Patents are invalid based on prior invention by Pergo, in view of the real and immediate controversy between the parties regarding their respective patent rights.

## COUNT I
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

64.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

65.     Unilin's '486 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

66.     Claim 59 of Unilin's '486 patent and claims 1 and 4 of Pergo's '683 patent claim the same or substantially the same subject matter.

67.     Claim 60 of Unilin's '486 patent and claims 1-4 of Pergo's '683 patent claim the same or substantially the same subject matter.

68.     Pergo's '683 patent has priority over Unilin's '486 patent.  As a result, the interfering claims in Unilin's '486 patent are invalid in view of Pergo's '683 patent.

## COUNT II
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

69.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

70.     Unilin's '486 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

71.     Claim 1 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

72.     Claim 2 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

73.     Claim 3 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

74.     Claim 4 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

75.     Claim 5 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

76.     Claim 6 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

77.     Claim 7 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

78.     Claim 8 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

79.     Claim 9 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

80.     Claim 10 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

81.     Claim 11 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

82.     Claim 14 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

14

83.     Claim 15 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

84.     Claim 16 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

85.     Claim 17 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

86.     Claim 19 of Unilin's '486 patent and claims 19, 21, 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

87.     Claim 20 of Unilin's '486 patent and claims 19, 21, 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

88.     Claim 21 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

89.     Claim 22 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

90.     Claim 23 of Unilin's '486 patent and claims 19, 20, 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

91.     Claim 27 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

92.     Claim 28 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

93.     Claim 29 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

94.     Claim 30 of Unilin's '486 patent and claims 38-40, 42 of Pergo's '547 patent claim the same or substantially the same subject matter.

95.     Claim 31 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

96.     Claim 37 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

97.     Claim 38 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

98.     Claim 39 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

99.     Claim 41 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

100.     Claim 42 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

101.     Claim 45 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

102.     Claim 48 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

103.     Claim 49 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

104.     Claim 50 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

105.    Claim 51 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

106.    Claim 53 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

107.    Claim 54 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

108.    Claim 56 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

109.    Claim 57 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

110.    Claim 58 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

111.    Claim 59 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

112.    Claim 60 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

113.    Claim 65 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

114.    Claim 66 of Unilin's '486 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

115.    Pergo's '547 patent has priority over Unilin's '486 patent.  As a result, the interfering claims in Unilin's '486 patent are invalid in view of Pergo's '547 patent.

### COUNT III
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

116.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

117.     Unilin's '836 patent and Pergo's '778 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

118.     Claim 1 of Unilin's '836 patent and claims 1 and 10 of Pergo's '778 patent claim the same or substantially the same subject matter.

119.     Claim 2 of Unilin's '836 patent and claim 1 of Pergo's '778 patent claim the same or substantially the same subject matter.

120.     Claim 23 of Unilin's '836 patent and claims 1, 4 and 10 of Pergo's '778 patent claim the same or substantially the same subject matter.

121.     Claim 27 of Unilin's '836 patent and claims 1, 4 and 10 of Pergo's '778 patent claim the same or substantially the same subject matter.

122.     Claim 28 of Unilin's '836 patent and claims 1, 4 and 10 of Pergo's '778 patent claim the same or substantially the same subject matter.

123.     Claim 29 of Unilin's '836 patent and claims 1 and 10 of Pergo's '778 patent claim the same or substantially the same subject matter.

124.     Claim 30 of Unilin's '836 patent and claims 1 and 10 of Pergo's '778 patent claim the same or substantially the same subject matter.

125.     Pergo's '778 patent has priority over Unilin's '836 patent.  As a result, the interfering claims in Unilin's '486 patent are invalid in view of Pergo's '778 patent.

## COUNT IV
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

126.        Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

127.        Unilin's '836 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

128.        Claim 1 of Unilin's '836 patent and claims 19, 21, 22, 28, 29, 35 and 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

129.        Claim 2 of Unilin's '836 patent and claims 19, 21, 22, 28, 29, 35, and 35-38 of Pergo's '547 patent claim the same or substantially the same subject matter.

130.        Claim 3 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

131.        Claim 4 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

132.        Claim 5 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

133.        Claim 6 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

134.        Claim 7 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

135.        Claim 8 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

136.        Claim 10 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

137.     Claim 11 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

138.     Claim 12 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

139.     Claim 13 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

140.     Claim 14 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

141.     Claim 15 of Unilin's '836 patent and claims 29 and 31 of Pergo's '547 patent claim the same or substantially the same subject matter.

142.     Claim 17 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

143.     Claim 18 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

144.     Claim 20 of Unilin's '836 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

145.     Claim 23 of Unilin's '836 patent and claims 19-23, 28, 29 and 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

146.     Claim 26 of Unilin's '836 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

147.     Claim 27 of Unilin's '836 patent and claims 19-23, 28, 29 and 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

148.    Claim 28 of Unilin's '836 patent and claims 19-23, 28, 29 and 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

149.    Claim 29 of Unilin's '836 patent and claims 19, 21-27, 29, 31 and 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

150.    Claim 30 of Unilin's '836 patent and claims 19-23, 28, 29 and 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

151.    Pergo's '547 patent has priority over Unilin's '836 patent.  As a result, the interfering claims in Unilin's '836 patent are invalid in view of Pergo's '547 patent.

## COUNT V
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

152.    Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

153.    Unilin's '836 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

154.    Claim 1 of Unilin's '836 patent and claims 1 and 2 of Pergo's '683 patent claim the same or substantially the same subject matter.

155.    Claim 2 of Unilin's '836 patent and claims 1 and 2 of Pergo's '683 patent claim the same or substantially the same subject matter.

156.    Claim 23 of Unilin's '836 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

157.    Claim 27 of Unilin's '836 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

158.     Claim 28 of Unilin's '836 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

159.     Claim 29 of Unilin's '836 patent and claims 1 and 2 of Pergo's '683 patent claim the same or substantially the same subject matter.

160.     Claim 30 of Unilin's '836 patent and claims 1, 2 and 4 of Pergo's '683 patent claim the same or substantially the same subject matter.

161.     Pergo's '683 patent has priority over Unilin's '836 patent.  As a result, the interfering claims in Unilin's '836 patent are invalid in view of Pergo's '683 patent.

## COUNT VI
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

162.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

163.     Unilin's '292 patent and Pergo's '778 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

164.     Claim 1 of Unilin's '292 patent and claims 1, 4 and 9 of Pergo's '778 patent claim the same or substantially the same subject matter.

165.     Claim 2 of Unilin's '292 patent and claims 1, 4 and 9 of Pergo's '778 patent claim the same or substantially the same subject matter.

166.     Claim 3 of Unilin's '292 patent and claims 1, 4 and 9 of Pergo's '778 patent claim the same or substantially the same subject matter.

167.     Claim 4 of Unilin's '292 patent and claims 1, 4, 9 and 10 of Pergo's '778 patent claim the same or substantially the same subject matter.

168.     Claim 5 of Unilin's '292 patent and claims 1, 4, 9 and 10 of Pergo's '778 patent claim the same or substantially the same subject matter.

169.     Pergo's '778 patent has priority over Unilin's '292 patent.  As a result, the interfering claims in Unilin's '292 patent are invalid in view of Pergo's '778 patent.

## COUNT VII
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

170.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

171.     Unilin's '292 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

172.     Claim 1 of Unilin's '292 patent and claims 19-22, 28, 29, 31, 35 and 37-39 of Pergo's '547 patent claim the same or substantially the same subject matter.

173.     Claim 2 of Unilin's '292 patent and claims 19-22, 28, 29, 31, 35 and 37-39 of Pergo's '547 patent claim the same or substantially the same subject matter.

174.     Claim 3 of Unilin's '292 patent and claims 19-22, 28, 29, 31, 35 and 37-39 of Pergo's '547 patent claim the same or substantially the same subject matter.

175.     Claim 4 of Unilin's '292 patent and claims 19-22, 28, 29, 31, 35 and 37-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

176.     Claim 5 of Unilin's '292 patent and claims 19-22, 28, 29, 31, 35 and 37-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

177.     Claim 6 of Unilin's '292 patent and claims 19-22, 28, 29, 31, 35 and 37-39 of Pergo's '547 patent claim the same or substantially the same subject matter.

178.     Pergo's '547 patent has priority over Unilin's '292 patent.  As a result, the interfering claims in Unilin's '292 patent are invalid in view of Pergo's '547 patent.

**COUNT VIII**
**(INTERFERENCE PURSUANT TO 35 U.S.C. § 291)**

179.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

180.     Unilin's '292 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

181.     Claim 1 of Unilin's '292 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

182.     Claim 2 of Unilin's '292 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

183.     Claim 3 of Unilin's '292 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

184.     Claim 4 of Unilin's '292 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

185.     Claim 5 of Unilin's '292 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

186.     Claim 6 of Unilin's '292 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

187.     Pergo's '683 patent has priority over Unilin's '292 patent.  As a result, the interfering claims in Unilin's '292 patent are invalid in view of Pergo's '683 patent.

## COUNT IX
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

188.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

189.     Unilin's '779 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

190.     Claim 1 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

191.     Claim 2 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

192.     Claim 3 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

193.     Claim 4 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

194.     Claim 5 of Unilin's '779 patent and claim 40 of Pergo's '547 patent claim the same or substantially the same subject matter.

195.     Claim 6 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

196.     Claim 7 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

197.     Claim 8 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

198.    Claim 9 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

199.    Claim 10 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

200.    Claim 11 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

201.    Claim 12 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

202.    Claim 13 of Unilin's '779 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

203.    Claim 14 of Unilin's '779 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

204.    Claim 15 of Unilin's '779 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

205.    Claim 16 of Unilin's '779 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

206.    Claim 17 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

207.    Claim 18 of Unilin's '779 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

208.    Claim 19 of Unilin's '779 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

209.     Claim 20 of Unilin's '779 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

210.     Claim 21 of Unilin's '779 patent and claims 38 and 39 of Pergo's '547 patent claim the same or substantially the same subject matter.

211.     Claim 27 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

212.     Claim 28 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

213.     Claim 29 of Unilin's '779 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

214.     Pergo's '547 patent has priority over Unilin's '779 patent.  As a result, the interfering claims in Unilin's '779 patent are invalid in view of Pergo's '547 patent.

## COUNT X
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

215.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

216.     Unilin's '020 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

217.     Claim 1 of Unilin's '020 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

218.     Claim 2 of Unilin's '020 patent and claim 2 of Pergo's '683 patent claim the same or substantially the same subject matter.

219.    Claim 5 of Unilin's '020 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

220.    Claim 6 of Unilin's '020 patent and claims 2 of Pergo's '683 patent claim the same or substantially the same subject matter.

221.    Claim 7 of Unilin's '020 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

222.    Claim 8 of Unilin's '020 patent and claims 1-3, 5 and 6 of Pergo's '683 patent claim the same or substantially the same subject matter.

223.    Pergo's '683 patent has priority over Unilin's '020 patent.  As a result, the interfering claims in Unilin's '020 patent are invalid in view of Pergo's '683 patent.

## COUNT XI
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

224.    Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

225.    Unilin's '020 patent and Pergo's '778 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

226.    Claim 1 of Unilin's '020 patent and claims 1, 2, 4, 8, 10, 11 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

227.    Claim 2 of Unilin's '020 patent and claim 9 of Pergo's '778 patent claim the same or substantially the same subject matter.

228.    Claim 5 of Unilin's '020 patent and claims 1, 2, 4, 8, 10, 11 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

28

229.     Claim 6 of Unilin's '020 patent and claim 9 of Pergo's '778 patent claim the same or substantially the same subject matter.

230.     Claim 7 of Unilin's '020 patent and claims 1, 2, 4, 8, 10, 11 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

231.     Claim 8 of Unilin's '020 patent and claims 1, 2, 4, 8, 10, 11 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

232.     Pergo's '778 patent has priority over Unilin's '020 patent.  As a result, the interfering claims in Unilin's '020 patent are invalid in view of Pergo's '778 patent.

## COUNT XII
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

233.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

234.     Unilin's '020 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

235.     Claim 1 of Unilin's '020 patent and claims 29, 31, 35 and 37-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

236.     Claim 2 of Unilin's '020 patent and claims 29, 31, 38 and 40 of Pergo's '547 patent claim the same or substantially the same subject matter.

237.     Claim 5 of Unilin's '020 patent and claims 29, 31, 35 and 37-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

238.     Claim 6 of Unilin's '020 patent and claims 29, 31 and 38 of Pergo's '547 patent claim the same or substantially the same subject matter.

239.     Claim 7 of Unilin's '020 patent and claims 29, 31, 35 and 37-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

240.     Claim 1 of Unilin's '020 patent and claims 29, 31, 35 and 37-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

241.     Pergo's '547 patent has priority over Unilin's '020 patent.  As a result, the interfering claims in Unilin's '020 patent are invalid in view of Pergo's '547 patent.

## COUNT XIII
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

242.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

243.     Unilin's '877 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

244.     Claim 1 of Unilin's '877 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

245.     Claim 4 of Unilin's '877 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

246.     Claim 5 of Unilin's '877 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

247.     Claim 6 of Unilin's '877 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

248.     Claim 7 of Unilin's '877 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

249.    Claim 8 of Unilin's '877 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

250.    Pergo's '547 patent has priority over Unilin's '877 patent.  As a result, the interfering claims in Unilin's '877 patent are invalid in view of Pergo's '547 patent.

## COUNT XIV
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

251.    Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

252.    Unilin's '068 patent and Pergo's '778 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

253.    Claim 1 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

254.    Claim 7 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

255.    Claim 10 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

256.    Claim 11 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

257.    Claim 13 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

258.    Claim 15 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

259.     Claim 16 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

260.     Claim 23 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

261.     Claim 24 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

262.     Claim 25 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

263.     Claim 28 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

264.     Claim 31 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

265.     Claim 32 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

266.     Claim 33 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

267.     Claim 35 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

268.     Claim 36 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

269.     Claim 37 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

270.     Claim 41 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

271.     Claim 42 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

272.     Claim 43 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

273.     Claim 44 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

274.     Claim 47 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

275.     Claim 48 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

276.     Claim 49 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

277.     Claim 54 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

278.     Claim 57 of Unilin's '068 patent and claims 1, 2, 4, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

279.     Pergo's '778 patent has priority over Unilin's '068 patent.  As a result, the interfering claims in Unilin's '068 patent are invalid in view of Pergo's '778 patent.

### COUNT XV
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

280.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

281.　　Unilin's '068 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

282.　　Claim 1 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

283.　　Claim 2 of Unilin's '068 patent and claims 19-31 and 35-37 of Pergo's '547 patent claim the same or substantially the same subject matter.

284.　　Claim 3 of Unilin's '068 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

285.　　Claim 5 of Unilin's '068 patent and claims 19-22 of Pergo's '547 patent claim the same or substantially the same subject matter.

286.　　Claim 6 of Unilin's '068 patent and claims 19-22 of Pergo's '547 patent claim the same or substantially the same subject matter.

287.　　Claim 7 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

288.　　Claim 10 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

289.　　Claim 11 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

290.　　Claim 13 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

291.　　Claim 15 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

292.     Claim 16 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

293.     Claim 19 of Unilin's '068 patent and claims 19-31 and 35-37 of Pergo's '547 patent claim the same or substantially the same subject matter.

294.     Claim 23 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

295.     Claim 24 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

296.     Claim 25 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

297.     Claim 26 of Unilin's '068 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

298.     Claim 27 of Unilin's '068 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

299.     Claim 28 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

300.     Claim 29 of Unilin's '068 patent and claims 19-31 and 35-37 of Pergo's '547 patent claim the same or substantially the same subject matter.

301.     Claim 30 of Unilin's '068 patent and claims 19-31 and 35-37 of Pergo's '547 patent claim the same or substantially the same subject matter.

302.     Claim 31 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

303.    Claim 32 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

304.    Claim 33 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

305.    Claim 34 of Unilin's '068 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

306.    Claim 35 of Unilin's '068 patent and claims 19-31 and 35-37 of Pergo's '547 patent claim the same or substantially the same subject matter.

307.    Claim 36 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

308.    Claim 37 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

309.    Claim 38 of Unilin's '068 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

310.    Claim 39 of Unilin's '068 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

311.    Claim 40 of Unilin's '068 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

312.    Claim 41 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

313.    Claim 42 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

314.     Claim 43 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

315.     Claim 44 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

316.     Claim 47 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

317.     Claim 48 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

318.     Claim 49 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

319.     Claim 54 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

320.     Claim 55 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

321.     Claim 57 of Unilin's '068 patent and claims 19-31 and 35-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

322.     Pergo's '547 patent has priority over Unilin's '068 patent.  As a result, the interfering claims in Unilin's '068 patent are invalid in view of Pergo's '547 patent.

## COUNT XVI
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

323.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

324.     Unilin's '068 patent and Pergo's '683 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

325.     Claim 1 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

326.     Claim 2 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

327.     Claim 10 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

328.     Claim 11 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

329.     Claim 13 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

330.     Claim 15 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

331.     Claim 19 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

332.     Claim 23 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

333.     Claim 24 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

334.     Claim 29 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

335.     Claim 30 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

336.     Claim 31 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

337.     Claim 32 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

338.     Claim 33 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

339.     Claim 35 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

340.     Claim 36 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

341.     Claim 37 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

342.     Claim 41 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

343.     Claim 42 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

344.     Claim 43 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

345.     Claim 44 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

346.     Claim 54 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

347.     Claim 55 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

348.     Claim 57 of Unilin's '068 patent and claims 1-3 of Pergo's '683 patent claim the same or substantially the same subject matter.

349.     Pergo's '778 patent has priority over Unilin's '068 patent.  As a result, the interfering claims in Unilin's '068 patent are invalid in view of Pergo's '778 patent.

## COUNT XVII
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

350.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

351.     Unilin's '068 patent and Pergo's '970 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

352.     Claim 33 of Unilin's '068 patent and claim 4 of Pergo's '970 patent claim the same or substantially the same subject matter.

353.     Pergo's '970 patent has priority over Unilin's '068 patent.  As a result, the interfering claims in Unilin's '068 patent are invalid in view of Pergo's '970 patent.

## COUNT XVIII
## (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

354.     Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

355. Unilin's '778 patent and Pergo's '536 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

356. Claim 1 of Unilin's '536 patent and claims 1, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

357. Claim 2 of Unilin's '536 patent and claims 1, 2, 10, 11 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

358. Claim 10 of Unilin's '536 patent and claims 1, 10 and 13 of Pergo's '778 patent claim the same or substantially the same subject matter.

359. Pergo's '778 patent has priority over Unilin's '536 patent. As a result, the interfering claims in Unilin's '536 patent are invalid in view of Pergo's '778 patent.

### COUNT XIX
### (INTERFERENCE PURSUANT TO 35 U.S.C. § 291)

360. Pergo incorporates herein by reference Paragraphs 1 through 63 of this Complaint as if set forth in full.

361. Unilin's '536 patent and Pergo's '547 patent are interfering patents, within the meaning of 35 U.S.C. § 291, in that at least one claim of each patent claims the same or substantially the same subject matter.

362. Claim 1 of Unilin's '536 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

363. Claim 2 of Unilin's '536 patent and claim 40 of Pergo's '547 patent claim the same or substantially the same subject matter.

364. Claim 4 of Unilin's '536 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

365.     Claim 5 of Unilin's '536 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

366.     Claim 6 of Unilin's '536 patent and claim 40 of Pergo's '547 patent claim the same or substantially the same subject matter.

367.     Claim 7 of Unilin's '536 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

368.     Claim 8 of Unilin's '536 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

369.     Claim 10 of Unilin's '536 patent and claims 38-40 of Pergo's '547 patent claim the same or substantially the same subject matter.

370.     Pergo's '547 patent has priority over Unilin's '536 patent.  As a result, the interfering claims in Unilin's '536 patent are invalid in view of Pergo's '547 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pergo requests the following relief:

(i)     a judgment declaring that Unilin's '486 patent and Pergo's '683 patent are interfering patents;

(ii)     a judgment declaring that Pergo's '683 patent has priority over Unilin's '486 patent;

(iii)     a judgment declaring that Unilin's '486 patent and Pergo's '547 patent are interfering patents;

(iv)     a judgment declaring that Pergo's '547 patent has priority over Unilin's '486 patent;

(v)     a judgment that Unilin's '486 patent is invalid;

(vi)     a judgment declaring that Unilin's '836 patent and Pergo's '778 patent are interfering patents;

(vii)    a judgment declaring that Pergo's '778 patent has priority over Unilin's '836 patent;

(viii)   a judgment declaring that Unilin's '836 patent and Pergo's '683 patent are interfering patents;

(ix)     a judgment declaring that Pergo's '683 patent has priority over Unilin's '836 patent;

(x)      a judgment declaring that Unilin's '836 patent and Pergo's '547 patent are interfering patents;

(xi)     a judgment declaring that Pergo's '547 patent has priority over Unilin's '836 patent;

(xii)    a judgment that Unilin's '836 patent is invalid;

(xiii)   a judgment declaring that Unilin's '292 patent and Pergo's '778 patent are interfering patents;

(xiv)    a judgment declaring that Pergo's '778 patent has priority over Unilin's '292 patent;

(xv)     a judgment declaring that Unilin's '292 patent and Pergo's '683 patent are interfering patents;

(xvi)    a judgment declaring that Pergo's '683 patent has priority over Unilin's '292 patent;

(xvii)   a judgment declaring that Unilin's '292 patent and Pergo's '547 patent are interfering patents;

(xviii) a judgment declaring that Pergo's '547 patent has priority over Unilin's '292 patent;

(xix) a judgment that Unilin's '292 patent is invalid;

(xx) a judgment declaring that Unilin's '779 patent and Pergo's '547 patent are interfering patents;

(xxi) a judgment declaring that Pergo's '547 patent has priority over Unilin's '779 patent;

(xxii) a judgment that Unilin's '779 patent is invalid;

(xxiii) a judgment declaring that Unilin's '020 patent and Pergo's '683 patent are interfering patents;

(xxiv) a judgment declaring that Pergo's '683 patent has priority over Unilin's '020 patent;

(xxv) a judgment declaring that Unilin's '020 patent and Pergo's '778 patent are interfering patents;

(xxvi) a judgment declaring that Pergo's '778 patent has priority over Unilin's '020 patent;

(xxvii) a judgment declaring that Unilin's '020 patent and Pergo's '547 patent are interfering patents;

(xxviii) a judgment declaring that Pergo's '547 patent has priority over Unilin's '020 patent;

(xxix) a judgment that Unilin's '020 patent is invalid;

(xxx) a judgment declaring that Unilin's '877 patent and Pergo's '547 patent are interfering patents;

(xxxi)  a judgment declaring that Pergo's '547 patent has priority over Unilin's '877 patent;

(xxxii) a judgment that Unilin's '877 patent is invalid;

(xxxiii) a judgment declaring that Unilin's '068 patent and Pergo's '778 patent are interfering patents;

(xxxiv) a judgment declaring that Pergo's '778 patent has priority over Unilin's '068 patent;

(xxxv)  a judgment declaring that Unilin's '068 patent and Pergo's '547 patent are interfering patents;

(xxxvi) a judgment declaring that Pergo's '547 patent has priority over Unilin's '068 patent;

(xxxvii)  a judgment declaring that Unilin's '068 patent and Pergo's '683 patent are interfering patents;

(xxxviii)  a judgment declaring that Pergo's '683 patent has priority over Unilin's '068 patent;

(xxxix) a judgment declaring that Unilin's '068 patent and Pergo's '970 patent are interfering patents;

(xl)  a judgment declaring that Pergo's '970 patent has priority over Unilin's '068 patent;

(xli)  a judgment that Unilin's '068 patent is invalid;

(xlii)  a judgment declaring that Unilin's '536 patent and Pergo's '778 patent are interfering patents;

(xliii)   a judgment declaring that Pergo's '778 patent has priority over Unilin's '536 patent;

(xliv)   a judgment declaring that Unilin's '536 patent and Pergo's '547 patent are interfering patents;

(xlv)   a judgment declaring that Pergo's '547 patent has priority over Unilin's '536 patent;

(xlvi)   a judgment that Unilin's '536 patent is invalid;

(xlvii)   a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and Pergo is entitled to its reasonable attorneys' fees, expenses, and costs incurred in this action; and

(xlviii)  any such other and further relief as the Court deems just and proper.

Dated: June 9, 2008                         Respectfully submitted,

                                            /s/ Richard L. Brusca

                                            Richard L. Brusca
                                            D.C. Bar No. 366746
                                            SKADDEN, ARPS, SLATE
                                                MEAGHER & FLOM, LLP
                                            1440 New York Avenue, N.W.
                                            Washington, D.C. 20005
                                            (202) 371-7000
                                            rbrusca@skadden.com

                                            Edward V. Filardi
                                            Douglas R. Nemec
                                            SKADDEN, ARPS, SLATE
                                                MEAGHER & FLOM, LLP
                                            Four Times Square
                                            New York, NY 10036
                                            (212) 735-3000
                                            efilardi@skadden.com
                                            dnemec@skadden.com

                                            *Counsel for Plaintiff Pergo (Europe) AB*

## CERTIFICATE OF SERVICE

I, Richard L. Brusca, hereby certify that all counsel of record are being served this 9th day of June, 2008, with a copy of this document via electronic mail, facsimile transmission and/or first class mail on this same date.

By:    /s/ Richard L. Brusca
Richard L. Brusca

**FILED**

APR 15 2008

**Clerk, U.S. District and Bankruptcy Courts**

CO-386-online
10/03

# United States District Court
# For the District of Columbia

| | | | |
|---|---|---|---|
| PERGO (EUROPE) AB | | ) | |
| | | ) | |
| | | ) | Case: 1:08-cv-00659 |
| | Plaintiff | ) Civil Acti | Assigned To : Lamberth, Royce C. |
| vs | | ) | Assign. Date : 4/15/2008 |
| UNILIN BEHEER B.V. | | ) | Description: General Civil |
| | | ) | |
| | | ) | |
| | Defendant | ) | |

## CERTIFICATE RULE LCvR 7.1

I, the undersigned, counsel of record for  PERGO (EUROPE) AB  certify that to the best of my knowledge and

belief, the following are parent companies, subsidiaries or affiliates of  PERGO (EUROPE) AB  which have

any outstanding securities in the hands of the public:

   Pergo AB, Pfleiderer AG

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

_____
Signature

Richard L. Brusca
Print Name

D.C. Bar No. 366746
_____
BAR IDENTIFICATION NO.

1440 New York Avenue, N.W.
Address

Washington    D.C.    20005
City        State        Zip Code

(202) 371-7000
Phone Number

*3*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**Case No.**

|  |  |
|---|---|
| PERGO (EUROPE) AB and PERGO, LLC, | ) |
| Plaintiff(s), | ) |
|  | ) |
| vs | ) |
|  | ) |
| UNILIN BEHEER B.V., et al. | ) |
| Defendant(s). | ) |

**DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER ENTITIES WITH A DIRECT FINANCIAL INTEREST IN LITIGATION**

Pursuant to Fed.R.Civ.P. 7.1 and Local Civil Rule 7.3, or Fed.R.Crim.P. 12.4 and Local Criminal Rule 12.3,

Pergo, LLC who is Plaintiff ,
(name of party)          (plaintiff/defendant/other:_____)

makes the following disclosure:

1. Is party a publicly held corporation or other publicly held entity?

   YES ◯          NO ◉

2. Does party have any parent corporations?

   YES ◉          NO ◯

If yes, identify all parent corporation, including grandparent and great-grandparent corporations:
Uniboard Inc. USA is the direct parent corporation of Plaintiff Pergo, LLC. Pergo AB is the grandparent corporation of Plaintiff Pergo, LLC. Pleiderer AG is the great-grandparent corporation of Plaintiff Pergo, LLC

3. Is 10% or more of the stock of a party owned by a publicly held corporation or other publicly held entity?

   YES ◯          NO ◉

If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Civil Rule 7.3 or Local Criminal Rule 12.3)?

YES  ◯          NO  ⦿

If yes, identify entity and nature of interest:

5.  Is party a trade association?

YES  ◯          NO  ⦿

If yes, identify all members of the association, their parent corporations, and any publicly held companies that own 10% or more of a member's stock:

6.  If case arises out of a bankruptcy proceeding, identify any trustee and the members of any creditors's committee:

Signature:  /s/ Hayden J. Silver, III

Date:  March 4, 2008

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PERGO (EUROPE) AB and PERGO, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| UNILIN BEHEER B.V., FLOORING INDUSTRIES | ) | JURY DEMANDED |
| LIMITED, SARL, FLOORING INDUSTRIES LIMITED, | ) | |
| and UNILIN FLOORING, N.C. LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Pergo (Europe) AB and Pergo, LLC (collectively, "Pergo" or "Plaintiffs") hereby bring this complaint for patent infringement against Defendants Unilin Beheer B.V., Flooring Industries Limited, sarl, Flooring Industries Limited, and Unilin Flooring N.C., LLC (collectively, "Unilin" or "Defendants").

## THE PARTIES

1.      Pergo, LLC is a Delaware Limited Liability Company with its principal place of business in Raleigh, North Carolina.

2.      Pergo (Europe) AB is a Swedish corporation having its principal place of business in Trelleborg, Sweden.

3.      Upon information and belief, Unilin Beheer B.V. is a Dutch corporation with its principal place of business in Ijssel, Netherlands.

4.      Upon information and belief, Flooring Industries Limited, sarl is a Luxembourg corporation with its principal place of business in Bertrange, Luxembourg.

5.      Upon information and belief, Flooring Industries Limited is an Irish corporation with its principal place of business in Dublin, Ireland.

6.      Upon information and belief, Unilin Flooring N.C., LLC is a North Carolina Limited Liability Company with its principal place of business in Thomasville, North Carolina.

7.      Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 5,744,220 ("the '220 patent") to Peter Ringö.  The '220 patent, entitled "Thermosetting Laminate", was duly and legally issued by the United States Patent and Trademark Office ("PTO") on April 28, 1998.  A true and correct copy of the '220 patent is attached hereto as Exhibit A.

8.      Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 6,397,547 B1 ("the '547 patent") to Göran Mårtensson.  The '547 patent, entitled "Flooring Panel or Wall Panel and Use Thereof", was duly and legally issued by the PTO on June 4, 2002.  A true and correct copy of the '547 patent is attached hereto as Exhibit B.

9.      Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 6,421,970 B1 ("the '970 patent") to Göran Mårtensson and Magnus Külick.  The '970 patent, entitled "Flooring Panel or Wall Panel and Use Thereof", was duly and legally issued by the PTO on July 23, 2002.  A true and correct copy of the '970 patent is attached hereto as Exhibit C.

10.     Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 6,517,935 B1 ("the '935 patent") to Sven Kornfält, Per Bengtsson and Hans Sjölin.  The '935 patent, entitled "Process for the Production of Floor Strip", was duly and legally issued by the PTO on February 11, 2003.  A true and correct copy of the '935 patent is attached hereto as Exhibit D.

11.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 6,565,919 B1 ("the '919 patent") to Krister Hansson, Johan Lundgren, and Hakan Wernersson. The '919 patent, entitled "Process for the Manufacturing of Surface Elements", was duly and legally issued by the PTO on May 20, 2003. A true and correct copy of the '919 patent is attached hereto as Exhibit E.

12.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 6,601,359 B2 ("the '359 patent") to Ola Olofsson. The '359 patent, entitled "Flooring Panel or Wall Panel", was duly and legally issued by the PTO on August 5, 2003. A true and correct copy of the '359 patent is attached hereto as Exhibit F.

13.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 6,606,834 B2 ("the '834 patent") to Göran Mårtensson and Magnus Külick. The '834 patent, entitled "Flooring Panel or Wall Panel and Use Thereof", was duly and legally issued by the PTO on August 19, 2003. A true and correct copy of the '834 patent is attached hereto as Exhibit G.

14.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 6,805,951 B2 ("the '951 patent") to Sven Kornfält, Per Bengtsson and Hans Sjölin. The '951 patent, entitled "Process for the Production of a Floor Strip", was duly and legally issued by the PTO on October 19, 2004. A true and correct copy of the '951 patent is attached hereto as Exhibit H.

15.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 6,860,074 B2 ("the '074 patent") to Oliver Stanchfield. The '074 patent, entitled "Transition Molding", was duly and legally issued by the PTO on March 1, 2005. A true and correct copy of the '074 patent is attached hereto as Exhibit I.

3

16.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 7,065,931 B2 ("the '931 patent") to Sven Kornfält, Per Bengtsson, Hans Sjölin and Oliver Stanchfield. The '931 patent, entitled "Floor Strip", was duly and legally issued by the PTO on June 27, 2006. A true and correct copy of the '931 patent is attached hereto as Exhibit J.

17.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 7,131,242 B2 ("the '242 patent") to Göran Mårtensson and Magnus Külick. The '242 patent, entitled "Flooring Panel or Wall Panel and Use Thereof", was duly and legally issued by the PTO on November 7, 2006. A true and correct copy of the '242 patent is attached hereto as Exhibit K.

18.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 7,150,134 B2 ("the '134 patent") to Sven Kornfält, Per Bengtsson, Hans Sjölin and Oliver Stanchfield. The '134 patent, entitled "Floor Strip", was duly and legally issued by the PTO on December 19, 2006. A true and correct copy of the '134 patent is attached hereto as Exhibit L.

19.    Pergo (Europe) AB is the sole and exclusive owner of U.S. Patent No. 7,255,040 B2 ("the '040 patent") to Åke Sjöberg. The '040 patent, entitled "Process for the Manufacturing of Panels Having a Decorative Surface", was duly and legally issued by the PTO on August 14, 2007. A true and correct copy of the '040 patent is attached hereto as Exhibit M.

20.    Pergo (Europe) AB has granted to Pergo, LLC an exclusive U.S. license to exploit certain of the Pergo patents identified above in Paragraphs 7 through 19 (hereinafter, collectively, "the Pergo patents").

4

## JURISDICTION AND VENUE

21.     This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*.  This Court has jurisdiction over the claims asserted herein pursuant to 35 U.S.C. §§ 1331 and 1338(a).

22.     Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants regularly conduct business within this judicial district and have committed acts of patent infringement within this judicial district.

23.     Upon information and belief, venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants reside in this judicial district by virtue of conducting regular and substantial business in this judicial district.

## COUNT I
### (Infringement of United States Patent No. 5,744,220)

24.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

25.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '220 patent.

26.     Defendants' infringement of the '220 patent has occurred with knowledge of the '220 patent, and thus has been willful.

## COUNT II
### (Infringement of United States Patent No. 6,397,547 B1)

27.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

28.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '547 patent.

29.     Defendants' infringement of the '547 patent has occurred with knowledge of the '547 patent, and thus has been willful.

<b><u>COUNT III</u></b><br><b>(Infringement of United States Patent No. 6,421,970 B1)</b>

30.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

31.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '970 patent.

32.     Defendants' infringement of the '970 patent has occurred with knowledge of the '970 patent, and thus has been willful.

<b><u>COUNT IV</u></b><br><b>(Infringement of United States Patent No. 6,517,935 B1)</b>

33.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

34.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '935 patent.

35.     Defendants' infringement of the '935 patent has occurred with knowledge of the '935 patent, and thus has been willful.

## COUNT V
### (Infringement of United States Patent No. 6,565,919 B1)

36.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

37.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '919 patent.

38.     Defendants' infringement of the '919 patent has occurred with knowledge of the '919 patent, and thus has been willful.

## COUNT VI
### (Infringement of United States Patent No. 6,601,359 B2)

39.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

40.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '359 patent.

41.     Defendants' infringement of the '359 patent has occurred with knowledge of the '359 patent, and thus has been willful.

## COUNT VII
### (Infringement of United States Patent No. 6,606,834 B2)

42.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

43.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '834 patent.

7

44.     Defendants' infringement of the '834 patent has occurred with knowledge of the '834 patent, and thus has been willful.

## COUNT VIII
### (Infringement of United States Patent No. 6,805,951 B2)

45.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

46.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '951 patent.

47.     Defendants' infringement of the '951 patent has occurred with knowledge of the '951 patent, and thus has been willful.

## COUNT IX
### (Infringement of United States Patent No. 6,860,074 B2)

48.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

49.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '074 patent.

50.     Defendants' infringement of the '074 patent has occurred with knowledge of the '074 patent, and thus has been willful.

## COUNT X
### (Infringement of United States Patent No. 7,065,931 B2)

51.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

52.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '931 patent.

53.     Defendants' infringement of the '931 patent has occurred with knowledge of the '931 patent, and thus has been willful.

## COUNT XI
### (Infringement of United States Patent No. 7,131,242 B2)

54.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

55.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '242 patent.

56.     Defendants' infringement of the '242 patent has occurred with knowledge of the '242 patent, and thus has been willful.

## COUNT XII
### (Infringement of United States Patent No. 7,150,134 B2)

57.     Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

58.     In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '134 patent.

59.     Defendants' infringement of the '134 patent has occurred with knowledge of the '134 patent, and thus has been willful.

## COUNT XIII
### (Infringement of United States Patent No. 7,255,040 B2)

60.      Plaintiffs incorporate herein by reference Paragraphs 1 through 23 of this Complaint as if set forth in full.

61.      In violation of 35 U.S.C. § 271, Defendants have made, used, offered for sale, sold and/or imported in or into the United States laminate flooring products that infringe one or more claims of the '040 patent.

62.      Defendants' infringement of the '040 patent has occurred with knowledge of the '040 patent, and thus has been willful.

## PRAYER FOR RELIEF

WHEREFORE, PERGO prays for judgment against the Defendants as follows:

(i)      A preliminary and permanent injunction preventing Defendants, and all those in concert with them, from continuing infringement of the Pergo patents;

(ii)      A judgment that Defendants have infringed the Pergo patents, either directly, contributorily, or by inducement, in violation of 35 U.S.C. § 271;

(iii)    A judgment that Defendants' infringement of the Pergo patents was willful;

(iv)      An order, pursuant to 35 U.S.C. § 284, awarding Pergo damages adequate to compensate for Defendants' infringement of the Pergo patents, in an amount to be determined at trial, but in no event less than a reasonable royalty;

(v)      An order, pursuant to 35 U.S.C. § 284, trebling all damages awarded to Pergo in view of Defendants' willful and wanton infringement of the Pergo patents;

(vi)      An order, pursuant to 35 U.S.C. § 284, awarding to Pergo interest on the damages and its costs incurred in this action;

10

(vii)    A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and

an award to Pergo of its reasonable attorneys' fees, expenses, and costs incurred in this action;

and

(viii)    Any other and further relief as this Court may deem just and proper.

This the 4th day of March, 2008.

KILPATRICK STOCKTON LLP

/s/ Hayden J. Silver, III
Hayden J. Silver, III
NC Bar No. 10037
jaysilver@kilpatrickstockton.com
John M. Moye
NC Bar No. 35463
jmoye@kilpatrickstockton.com
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
(919) 420-1700 phone
(919) 420-1800 fax

Edward V. Filardi
efilardi@skadden.com
Douglas R. Nemec
Emily J. Zelenock
Rachel R. Blitzer
James L. Leonard
Edward L. Tulin
SKADDEN, ARPS, SLATE
    MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10036
(212) 735-3000 phone
(212) 735-2000 fax

*Counsel for Pergo(Europe) AB and
Pergo, LLC*