## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNIBOARD CANADA, INC. | ) | |
| 2540 Daniel-Johnson Blvd, Suite 500 | ) | |
| LAVAL, Quebec | ) | Civil Action No. 1:08-cv-00399-RCL |
| H7T 2S3 | ) | |
| Canada | ) | |
|             Plaintiff, | ) | JURY DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| UNILIN BEHEER B.V. | ) | |
| Hoogeveenenweg 28 | ) | |
| 2913 LV Nieuwerkerk Ad Ijssel | ) | |
| Netherlands | ) | |
|             Defendant. | ) | |

| | | |
|---|---|---|
| UNILIN BEHEER B.V. | ) | |
| Hoogeveenenweg 28 | ) | |
| 2913 LV Nieuwerkerk Ad Ijssel | ) | |
| Netherlands | ) | |
| | ) | |
| FLOORING INDUSTRIES LTD., SARL | ) | |
| 10b rue des Merovingiens | ) | |
| ZI Bourmicht | ) | |
| L-8070 Bertrange | ) | |
| Luxembourg | ) | |
|             Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIBOARD CANADA, INC. | ) | |
| 2540 Daniel-Johnson Blvd, Suite 500 | ) | |
| LAVAL, Quebec | ) | |
| H7T 2S3 | ) | |
| Canada | ) | |
|             Counterclaim Defendant. | ) | |

## UNIBOARD'S MEMORANDUM IN OPPOSITION TO DEFENDANT UNILIN'S MOTION TO CONSOLIDATE

1

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

I.      FACTUAL BACKGROUND: THE UNIBOARD ACTION AS COMPARED TO
        THE PERGO ACTION ........................................................................................... 2

II.     ARGUMENT ......................................................................................................... 4

        A.      STANDARDS GOVERNING THE GRANT OF CONSOLIDATION ................ 4

        B.      CONSOLIDATION WILL BE INEFFICIENT, COSTLY, CONFUSING,
                AND RESULT IN DELAY ........................................................................ 4

        C.      BENEFITS OF CONSOLIDATION CAN BE OTHERWISE ACHIEVED ......... 9

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*Aerotel, Ltd. v. Verizon Communications Inc.*, 234 F.R.D. 64 (S.D.N.Y. 2005).............. 6

*Advance Transformer Co. v. Levinson*, 837 F.2d 1081 (Fed. Cir. 1988) .......................... 8

*American Postal Workers Union v. U.S. Postal Service*, 422 F. Supp. 2d 240
  (D.D.C. 2006)........................................................................................................ 4

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 457 F.3d 1293 (Fed. Cir. 2006), *cert.
  denied*, 127 S. Ct. 2270 (2007) ............................................................................ 8

*Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13
  (D.D.C. 2007)........................................................................................................ 4

*Ferguson Beauregard/Logic Controls v. Mega Systems, Inc.*, 350 F.3d 1327 (Fed.
  Cir. 2003) ............................................................................................................... 8

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335 (Fed. Cir.
  2006) ...................................................................................................................... 8

*Mylan Pharmaceuticals, Inc. v. Henney*, 94 F. Supp. 2d 36 (D.D.C. 2000) .................... 5

*Furminator, Inc. v. Ontel Products Corp.*, No. 4:06-cv-1294, 2006 WL 3827522
  (E.D. Mo. Dec. 28, 2006)................................................................................. 5, 6

*PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315 (Fed. Cir.
  2000) ...................................................................................................................... 8

*In re Repetitive Stress Injury Litigation*, 11 F.3d 368 (2d Cir. 1993) ............................... 4

*Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298 (D. Del. 1981) .................. 4, 5

## STATUTES

35 U.S.C. § 284....................................................................................................... 2

Fed. R. Civ. P. 42(a)............................................................................................... 4

## INTRODUCTION

Plaintiff Uniboard Canada, Inc. ("Uniboard") respectfully submits this memorandum in opposition to the motion by Defendant Unilin Beheer B.V. ("Unilin") to consolidate Civil Action No. 1:08-cv-00399 ("the Uniboard action") with Civil Action No. 1:08-cv-00659 ("the Pergo action").

In moving for consolidation, Unilin ignores the significant substantive and procedural differences between the Uniboard action and the Pergo action. In so doing, Unilin presents an incomplete picture of the relationship between the two actions, overstating the overlap while completely disregarding the distinctions. The Pergo action and the Uniboard action involve different parties, different claims for relief, different patents, different products, different legal standards based upon different sections of the Patent Act, different discovery issues, and different arbiters of fact. By failing to address these differences, Unilin vastly overstates any purported efficiency gains that could be achieved through consolidation, and obscures the advantages to be gained from allowing the Pergo action to proceed more quickly.

Indeed, although Unilin contends that "it is hard to imagine two related actions more deserving of consolidation," Unilin is able to identify only three points of overlap between these actions: (i) the validity of certain Unilin patents has been challenged in each; (ii) the parties are represented by the same counsel; and (iii) both actions were recently filed. (Docket No. 23, hereinafter "Unilin Br." at 3-4.) Yet, while the validity of Unilin patents has been generally challenged in each, the central questions in the Pergo action are those of *overlapping subject matter* and *priority*, while the central questions in the Uniboard action are those of *validity* and *infringement*; the questions of law and fact pending before the Court in each respective action are

1

based upon different legal standards and concern different types of proof. And while it is true

that both actions were filed at roughly the same time, with the opposing parties in each action

being represented by the same counsel, these facts can hardly overcome the inconvenience, delay,

and confusion that would inevitably result from the consolidation of two cases that present

distinct and complicated issues. Instead, the parties could easily achieve the gains in judicial

economy that Unilin seeks by entering common-sense agreements relating to discovery and

claim construction issues, without having to confuse and convolute the discrete issues that each

case presents. In short, not only would consolidation cause a host of inefficiencies, but any

potential efficiencies that might be achieved through consolidation could be realized by other,

simpler means. Thus, Unilin's motion to consolidate the Uniboard action with the Pergo action

should be denied.

## I.    FACTUAL BACKGROUND: THE UNIBOARD ACTION AS COMPARED TO THE PERGO ACTION

In the Uniboard action, Uniboard, a Canadian corporation, seeks a judicial

declaration that eight Unilin patents are invalid under one or more of Sections 101, 102, 103, and

112 of the Patent Act, and that none of Uniboard's laminate flooring products infringe any of

these eight patents. In response, Unilin asserted counterclaims for infringement of these same

eight patents, while counterclaim plaintiff Flooring Industries Ltd., sarl ("Flooring Industries")

also counterclaimed for infringement of one of its patents (U.S. Patent No. 6,786,019).[1] Both

Unilin and Flooring Industries seek compensatory and enhanced damages under 35 U.S.C. § 284.

The Uniboard action thus presents issues of patent validity, patent infringement, willfulness, and

damages, and both parties have demanded a jury trial.

---

[1]    Although Flooring Industries is a party to the Uniboard action, it has not joined Unilin's motion to consolidate.

In contrast, in the Pergo action, Pergo (Europe) AB ("Pergo"), a Swedish corporation, seeks relief under Section 291 of the Patent Act. Neither Uniboard nor Flooring Industries is a party to the Pergo action.[2] While a key issue in the Uniboard action is whether any Uniboard products infringe a valid and enforceable claim of either the Unilin or Flooring Industries patents, no allegations of infringement have been (or could be) made in the Pergo action. In addition, while the Uniboard action concerns the alleged *infringement and invalidity* of eight Unilin patents and one Flooring Industries patent, the Pergo action concerns the *priority* of the Unilin patents as compared to four Pergo patents. The Uniboard action therefore requires the Court to compare the Unilin and Flooring Industries patents with the Uniboard products (to determine whether these products infringe) and with any prior art (to determine whether any asserted claim is valid). In contrast, the Pergo action requires a comparison of the Unilin patents to the four asserted Pergo patents, rather than to any products that may embody the claims.

Moreover, only declaratory relief is sought by the parties in the Pergo action; no party has sought (or may seek) compensatory or enhanced damages, as has been done in the Uniboard action. And although both parties have demanded a jury trial to resolve the issues of fact in the Uniboard action, the Pergo action is primarily a dispute over priority, which is an issue of law to be resolved by the Court. As a final point of distinction, in the Pergo action, Unilin has asserted several counterclaims for invalidity and unenforceability of the Pergo patents, none of which are at issue in the Uniboard action.

---

[2] Unilin's motion makes much of the fact that "Uniboard and Pergo are related to each other," and goes so far as to allege that because they have the same ultimate corporate parent, that they are "closely intertwined." (Unilin Br. at 2–3.) Yet, Uniboard and Pergo are not directly related to one another—and Unilin cites no caselaw to support the proposition that the common ownership of a Canadian corporation (Uniboard) and a Swedish corporation (Pergo) by a German corporation (Pfliederer) would support consolidation.

## II.    ARGUMENT

### A.    STANDARDS GOVERNING THE GRANT OF CONSOLIDATION

Under Federal Rule of Civil Procedure 42(a), it is within the sound discretion of the district court to order consolidation "'[w]hen actions involving a common question of law or fact are pending before [it].'"  Consolidation is appropriate only if the Court determines that "'savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" *Blasko v. Washington Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007) (*quoting Devlin v. Trans. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)).  If confusion and prejudice would result from a proposed consolidation, such considerations weigh in favor of maintaining the pending actions as separate.  *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006).  Typically, courts have placed the burden of showing the commonality of factual and legal issues in different actions on the party moving for consolidation.  *See, e.g.*, *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993).

### B.    CONSOLIDATION WILL BE INEFFICIENT, COSTLY, CONFUSING, AND RESULT IN DELAY

Unilin's motion does not even refer to the standard for evaluating the propriety of consolidation of related actions, which, as noted above, requires the Court to balance any alleged gains in judicial efficiency against any potential confusion or prejudice.  *See* Fed. R. Civ. P. 42(a); *see also Blasko*, 243 F.R.D. at 15 (D.D.C. 2007).  Indeed, Unilin is unable to identify a single instance where a Section 291 interference was consolidated with a separate infringement action.  Unilin instead cites *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309-10 (D. Del. 1981) in support of its argument that the mere fact that certain of the same patents are at issue in two different actions makes consolidation appropriate.  (Unilin Br. at 4.)  *Rohm* is

4

distinguishable from the present facts, because the two cases to be consolidated involved the same parties, and the same two issues: alleged patent invalidity and infringement. *Id.* at 1309. No allegations of priority or inequitable conduct were pending in either action, as they are in the Pergo action. Similarly, Unilin's citation of *Mylan Pharmaceuticals Inc. v. Henney*, 94 F. Supp. 2d 36, 44 (D.D.C. 2000), is misplaced, because the two cases for which consolidation was proposed required adjudication of identical legal issues and similar relief (outside the context of patent infringement or patent interference). (Unilin Br. at 4.)

        In contrast, the weight of authority suggests that under the circumstances presented by the Pergo action and the Uniboard action, consolidation is inappropriate. For instance, in *Furminator, Inc. v. Ontel Products Corp.*, No. 4:06-cv-1294, 2006 WL 3827522 (E.D. Mo. Dec. 28, 2006), the court refused to consolidate two pending patent actions that involved "different patents, different parties and different products." *Id.* at *1. In the first case, Furminator filed suit against Ontel, alleging that Ontel's ShedEnder pet grooming tool infringed U.S. Patent No. 7,077,076. *Id.* In the second case, filed three days later, Furminator filed suit against third-party Laube, alleging that Laube's iVac pet grooming tool infringed this same patent (U.S. Patent No. 7,077,076), as well as an additional patent. *Id.* The court determined that while these cases did present "some common questions of law and fact with respect to claim construction and validity . . . [it] is not unusual for there to be numerous cases which share common questions of law or fact but which are not consolidated." *Id.* at *3. The court particularly emphasized the "key factual distinction" that because different products were alleged to have infringed related patents in each action, the infringement analyses were completely distinct, and therefore consolidation would delay their ultimate resolution. *Id.*

Similarly, in *Aerotel, Ltd. v. Verizon Communications Inc.*, 234 F.R.D. 64
(S.D.N.Y. 2005), the court denied consolidation where the issues in each respective suit did not
significantly overlap.  In the first action, the plaintiff-patentee sued for damages for breach of a
licensing agreement, and a judicial declaration that certain of defendants' products were covered
by the patent-in-suit.  *Id.* at 65.  In the second action, the same patentee-plaintiff sued for
infringement of the same patent against unrelated defendants.  In arguing for consolidation, the
defendant asserted that "'in each case the Court will have to determine whether the Patent is
valid and whether the system through which defendants' prepaid telephone cards operate
infringes that patent.'"  *Id.* at 66 (citation omitted).  While acknowledging that the validity of the
same patent was at issue in both cases, the court held that the different legal standards, different
relief, different parties, and different products at issue created "substantial non-overlapping
issues that would lead to increased discovery costs and be confusing to the jury."  *Id.* at 66–67.

Just as the *Furminator* and *Aerotel* courts denied consolidation, so too should this
Court.  While the *Furminator* court found the lack of overlap between products in the two cases
proposed to be consolidated to be dispositive, the factual distinction between the Pergo action
and the Uniboard action is even more compelling.  No products or infringement issues have been
raised in the Pergo action, and thus the concerns about delay that the *Furminator* court identified
are even greater here.  The Pergo action would be bogged down with discovery related to the
Unilin and Uniboard products, especially sales and damages, in the Uniboard action, which are
unrelated and irrelevant to the Court's determination of the interference, priority, and
enforceability issues.  Similarly, merely raising a broad common issue of "validity" of the same
patents, as Unilin has tried to do in its motion, was rejected in *Aerotel*.  The nature of the validity

6

arguments to be advanced in the Pergo action and the Uniboard action are distinct—and enforceability issues have thus far been raised only in the Pergo action.

Aside from the issues identified in cases such as *Furminator* and *Aerotel*, several other important attributes of the present cases weigh strongly against consolidation. Unilin has sought to consolidate the Uniboard and Pergo actions for both the discovery and trial phases. (Unilin Br. at 1.) Yet, because the issues presented by these cases are so different, consolidation of discovery will only serve to delay the ultimate adjudication of the issues, while consolidation for trial will be completely impractical. During discovery in the Uniboard action, because Unilin and Flooring Industries have asserted infringement, they will likely seek evidence related to, *inter alia*, Uniboard's manufacturing processes, quality control procedures and protocols, in-house testing of panels, the design and development of Uniboard's product line, development of installation instructions and videos for Uniboard's flooring products, relationships with employees, distributors, suppliers, and retailers, and physical samples of the flooring products accused of infringement. In addition, as part of their damages case, Unilin and Flooring Industries can be expected to seek documents related to, *inter alia*, Uniboard's sales of the product, royalties received, profits, losses, and marketing and licensing efforts. Unilin will likely depose many of Uniboard's personnel or businesspersons, and both parties will present expert reports and testimony on the issues of infringement, invalidity, and damages. None of these documents or depositions are relevant to any of the key issues presented by the Pergo action. In the Pergo action, the discovery phase will likely center on the inventors of both the Pergo and the Unilin patents, as well as the contemporaneous documentary and physical evidence of conception and reduction to practice of the subject-matter of the Unilin and Pergo patents from the mid-1990s.

7

While the discovery phases in the Pergo action and the Uniboard action will in large part be mutually exclusive,[3] the trial phases of these actions will be completely incompatible. Unilin does not even acknowledge that the Uniboard action will be tried to a jury, while the Pergo action will be the subject of a bench trial. The issues of overlapping subject matter and enforceability—the critical issues in the Pergo action—are issues of law entrusted to the sole discretion of the Court. *See Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1084 (Fed. Cir. 1988) (noting that a Section 291 action requires a determination by the court as to whether two patents claim the same subject matter); *see also PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) (noting that inequitable conduct "[is] not an issue for a jury to decide," but is instead a question of law that is typically handled in a bench trial).[4] In contrast, the issues of infringement, validity, and damages—the critical issues in the Uniboard action—are issues of fact to be heard by a jury, at least in the first instance. *See, e.g.*, *Ferguson Beauregard/Logic Controls v. Mega Sys., Inc.*, 350 F.3d 1327, 1338 (Fed. Cir. 2003); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 457 F.3d 1293, 1304 (Fed. Cir. 2006), *cert. denied*, 127 S. Ct. 2270 (2007). Presenting these contrasting issues in a single proceeding, as Unilin has suggested, will serve only to confuse the jury. The concepts of infringement,

---

[3]    Unilin does not specifically identify any overlap between the discovery phases of the Pergo action and the Uniboard action. Instead, it merely quotes the *Rohm* case that "both cases will undoubtedly involve a large number of the same witnesses, the same documentary evidence and exhibits." (Unilin Br. at 5.) Yet, as noted above, the *Rohm* case had far more substantive overlap than this case, and thus it does not follow that the same conclusion applies here, especially without any identification of such overlapping witnesses and evidence.

[4]    Proving inequitable conduct requires clear and convincing evidence that the patentee misrepresented material facts, failed to disclose material information, or submitted false material information to the PTO ("the materiality requirement"), *and* did so with an intent to deceive the PTO ("the intent requirement"). *See, e.g., M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335, 1340 (Fed. Cir. 2006). Unilin's Answer alleges that certain attorneys who were involved in the prosecution of Pergo's patents intentionally withheld material information from the PTO. (*See* Docket No. 39, Fifth Aff. Defense.) Any testimony or evidence that these attorneys may offer in the Pergo action would be completely irrelevant to the Uniboard action, where no Pergo products or patents are at issue.

invalidity, and damages are complex enough without subjecting a lay jury to evidence relating to interference-in-fact, priority, and enforceability.[5]  Keeping these proceedings separate would thus further judicial economy and prevent the inevitable confusion that would result from the consolidation.

               Unilin also overlooks the possibility that the Pergo action could moot some or all of the issues in the Uniboard action.  In its Amended Complaint, Pergo has extensively outlined the basis for its claim to priority.  Based upon the limited discovery that will be necessary in that case (because the parties need not seek any evidence related to infringement and damages allegations in order to proceed to a bench trial), this case would likely proceed expediently (absent consolidation) to resolution.  If the Court determines that the Pergo patents have priority over the Unilin patents, then it would conclusively resolve the issues raised in the Uniboard action, without the need for costly discovery or a full-blown jury trial.  Consolidation would thus not only delay resolution of the Pergo case, but it could result in the needless expenditure of the parties' and the Court's resources on an action that may ultimately be rendered moot.

## C.    BENEFITS OF CONSOLIDATION CAN BE OTHERWISE ACHIEVED

               Unilin argues that consolidation will achieve two principal advantages: (i) the parties will prevent "needless duplication of discovery" and (ii) the parties will avoid duplicating briefs and hearing required to construe the claims of the Unilin patents.  (Unilin Br. at 5.)  Yet, both of these gains to efficiency can be achieved without the drawbacks of delay and confusion that would otherwise accompany consolidation.  With regard to discovery, in prior litigations

---

[5]    Even though the issues in the Pergo action (including interference-in-fact, priority, and enforceability) are within the exclusive province of the Court, Unilin nonetheless seeks to include this evidence in a consolidated proceeding before a jury, which is not only inefficient, but which will undoubtedly create confusion.

these parties and their counsel have entered into agreements to share discovery materials between related actions, and there is no reason that such agreements could not be entered into here.  Thus, there should be no need for duplicative document productions, even absent consolidation.  Nor is there any reason to expect that witnesses will be called for depositions twice, only to be asked the same questions again.  It is likewise unreasonable for Unilin to argue that there will be any real inefficiency in the claim construction process if the actions are not combined.  With both cases pending before the same judge and the opposing parties being represented by the same counsel, any risk of inconsistent or duplicative argument—either deliberate or inadvertent—is negligible.  Indeed, because the comparisons in the two cases are different (patent-to-patent vs. patent-to-product), the disputed claim terms at issue in each case may very well be different.  Plus, the construction of the Pergo patent claims will have no bearing on the Uniboard action.  Thus, just as consolidating discovery is all but certain to cause delay, combining claim construction proceedings in the two actions is more likely to result in an unwieldy and inefficient procedure.

## CONCLUSION

For all of the foregoing reasons, Uniboard respectfully requests that the Court deny Unilin's motion for consolidation of the Uniboard action with the Pergo action.

10

Dated: July 7, 2008                    By:    /s/ Douglas R. Nemec
                                              Douglas R. Nemec
                                              Edward V. Filardi
                                              Rachel R. Blitzer
                                              James L. Leonard, Jr.
                                              SKADDEN, ARPS, SLATE, MEAGHER &
                                                    FLOM LLP
                                              Four Times Square
                                              New York, NY 10036
                                              Telephone: (212) 735-3000
                                              Facsimile: (212)735-2000
                                              E-mail: dnemec@skadden.com;
                                                      efilardi@skadden.com;
                                                      rblitzer@skadden.com;
                                                      jaleonar@skadden.com

                                              and

                                              /s/ Richard L. Brusca
                                              Richard L. Brusca
                                              D.C. Bar No. 366746
                                              SKADDEN, ARPS, SLATE MEAGHER &
                                                    FLOM LLP
                                              1440 New York Avenue, N.W.
                                              Washington, D.C. 20005
                                              Telephone: (202) 371-7000
                                              Facsimile: (202) 393-5760
                                              E-mail: rbrusca@skadden.com

                                              *Attorneys for Plaintiff and Counterclaim
                                              Defendant, Uniboard Canada Inc.*

11

## CERTIFICATE OF SERVICE

I, Douglas R. Nemec, hereby certify that on this 7th day of July, 2008, a true and correct copy of the foregoing Memorandum in Opposition to Defendant Unilin's Motion to Consolidate and Proposed Order was served by hand and/or First Class Mail on the following attorneys of record for Unilin Beheer B.V. and Flooring Industries Ltd., sarl:

John M. DiMatteo (by hand and First Class Mail)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel. (212) 728-8000
Fax (212) 728-8111

David P. Murray (by First Class Mail)
D.C. Bar No. 401158
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel. (202) 303-1000
Fax (202) 303-2000

/s/ Douglas R. Nemec___
Douglas R. Nemec

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| UNIBOARD CANADA, INC. ) | |
| 2540 Daniel-Johnson Blvd, Suite 500 ) | |
| LAVAL, Quebec ) | Civil Action No. 1:08-cv-00399-RCL |
| H7T 2S3 ) | |
| Canada ) | |
|          Plaintiff, ) | JURY DEMANDED |
| ) | |
| v. ) | |
| ) | |
| UNILIN BEHEER B.V. ) | |
| Hoogeveenenweg 28 ) | |
| 2913 LV Nieuwerkerk Ad Ijssel ) | |
| Netherlands ) | |
|          Defendant. ) | |
| _____) | |
| UNILIN BEHEER B.V. ) | |
| Hoogeveenenweg 28 ) | |
| 2913 LV Nieuwerkerk Ad Ijssel ) | |
| Netherlands ) | |
| ) | |
| FLOORING INDUSTRIES LTD., SARL ) | |
| 10b rue des Merovingiens ) | |
| ZI Bourmicht ) | |
| L-8070 Bertrange ) | |
| Luxembourg ) | |
|          Counterclaim Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNIBOARD CANADA, INC. ) | |
| 2540 Daniel-Johnson Blvd, Suite 500 ) | |
| LAVAL, Quebec ) | |
| H7T 2S3 ) | |
| Canada ) | |
|          Counterclaim Defendant. ) | |
| _____) | |

**[PROPOSED] ORDER**

1

Defendant Unilin Beheer B.V. moves to consolidate Civil Action No. 1:08-cv-00399-RCL with Civil Action No. 1:08-cv-00659-RCL. Upon consideration of the points and authorities offered in support of, and in opposition to, Defendant's motion, it is hereby ORDERED that the motion be, and hereby is, DISMISSED in its entirety.

Dated this _____ day of _____ , 2008.

_____
United States District Judge