## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIBOARD CANADA, INC.<br>2540 Daniel-Johnson Blvd, Suite 500<br>LAVAL, Quebec<br>H7T 2S3<br>Canada<br><div align=center>Plaintiff,</div><br>v.<br><br>UNILIN BEHEER B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands<br><div align=center>Defendant.</div> | Civil Action No. 1:08-cv-00399-RCL<br><br><br>JURY DEMANDED |

UNILIN BEHEER B.V.
Hoogeveenenweg 28
2913 LV Nieuwerkerk Ad Ijssel
Netherlands, and

FLOORING INDUSTRIES LTD., SARL
10b rue des Merovingiens
ZI Bourmicht
L-8070 Bertrange
Luxembourg

Counterclaim Plaintiffs,

v.

UNIBOARD CANADA, INC.
2540 Daniel-Johnson Blvd, Suite 500
LAVAL, Quebec
H7T 2S3
Canada

Counterclaim Defendant.

**DEFENDANT UNILIN'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

## I.     ARGUMENT

Uniboard does not, and indeed cannot, dispute the substantial overlap between the Uniboard and Pergo Actions: the same eight Unilin patents are at issue, before the same Court, with the same attorneys representing the same ultimate parents: Unilin and Pfleiderer.[1]  This overlap is not coincidental -- it is a direct result of being part of a broader series of patent infringement disputes between Unilin and Pfleiderer in several different fora, including the International Trade Commission, the District of Delaware, the Eastern District of North Carolina, and this Court.  Here, Pfleiderer seeks a tactical advantage at the expense of placing a greater burden on this Court and Unilin.  However, the greater efficiency in addressing common issues jointly, of maintaining a uniform schedule, and of avoiding duplicative discovery and court decisions mandates that the Uniboard and Pergo Actions be consolidated.

Against this backdrop, Uniboard raises three arguments in opposition to consolidation: (1) the issues and parties do not overlap; (2) combining the Uniboard and Pergo Actions would lead to delay and jury confusion; and (3) duplication can be avoided by piecemeal agreement between the parties without actually consolidating the schedules in the two Actions. Uniboard's arguments are without merit.  As discussed below, (1) overlap is substantial -- the Court and the parties must address identical issues and tasks in both Actions; (2) combining the actions is the quickest and most efficient path to resolving them; and (3) duplication is virtually certain if the case schedules are not consolidated.  Thus, consolidation is appropriate.

### A.     Identical Issues Must Be Addressed In The Uniboard And Pergo Actions

Uniboard argues that the issues in the Pergo and Uniboard Actions are so different that consolidation is impractical and would lead to little gain in efficiency.  Uniboard Opp. Br. 7.

---

[1]  Uniboard's distinction that the parties are "not *directly* related to one another" is meaningless in this context.  Uniboard Opp. Br. 3, fn. 2 (emphasis added).

4370604.8

However, Uniboard's unsupported assertions ignore that many of the exact same issues must be addressed in both actions. For example, Uniboard does not dispute that the relevant claims of the eight Unilin patents must be construed by the Court in both actions. *See* Unilin Br. 4. Having two separate Markman hearings involving claims from the same eight patents would be wasteful and inefficient, even if different claims are relevant to each action.

Also, the identical issue of the invention date of the claims of the eight Unilin patents (i.e., dates of conception and reduction to practice) will determine not only "priority" in the Pergo Action, but also what qualifies as prior art in the Uniboard Action. Uniboard admits this discovery will be at the center of the Pergo Action (Uniboard Opp. Br. 7), but ignores that it will also be at the center of the Uniboard Action. As the parties begin discovery and exchange detailed contentions in both actions, there is no doubt that other overlapping issues will arise relating to the validity of the eight Unilin patents in common between the actions.

**B.      Consolidation Is Efficient And Will Not Cause Delay Or Jury Confusion**

Uniboard argues that combining the infringement counts and interfering patent counts in the Pergo and Uniboard Actions will lead to inefficiency, undue delay, and "inevitable confusion." Uniboard Opp. Br. 4-9. However, the substantial overlap in tasks and issues discussed above makes consolidation the most appropriate route.

Consolidation is efficient because of the overlap in issues, parties, attorneys, and fora. Not surprisingly, patent interference counts are routinely filed together with infringement counts in the same action. *See, e.g., Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1082 (Fed. Cir. 1988); *Albert v. Kevex Corp.*, 729 F.2d 757, 758 (Fed. Cir. 1984); *Kimberly-Clark v. Proctor & Gamble Distrib. Co.*, 973 F.2d 911, 912 (Fed. Cir. 1992); *Alberta Telecom. Research Centre v. Rambus Inc.*, No. C-06-02595, 2006 U.S. Dist. LEXIS 81093, at *4-5 (N.D. Cal. Oct.

4370604.8

24, 2006); *Pechiney Plastic Packaging, Inc. v. Viskase Cos., Inc.*, No. 00 C 0280, 2000 U.S. Dist. LEXIS 10195, at *16 (N.D. Ill. May 19, 2000).

      Uniboard's reliance on *Furminator* and *Aerotel* as persuasive authority is misplaced. The actions under consideration for consolidation were in front of different judges with different counsel representing different defendants. There, "judicial economy would be impeded rather than enhanced by consolidation as each defendant would have to attend to significant discovery relevant primarily to the other." *Aerotel, Ltd. v. Verizon Commc'ns Inc.*, 234 F.R.D. 64, 66 (S.D.N.Y. 2005). Here, the attorneys are the same for Pergo and Uniboard, and consolidation will be more efficient, and will not add to any party's or counsel's burdens. Moreover, in both *Aerotel* and *Furminator*, significant discovery had already been completed in one of the two actions where consolidation was requested. *Id.* at 67 ("The parties in the IDT litigation have conducted only minimal discovery, while the parties in the present case have already engaged in significant discovery currently scheduled to be completed within approximately two months."); *Furminator, Inc. v. Ontel Prods. Corp.*, No. 4:06-cv-1294, 2006 U.S. Dist. LEXIS 93600, at *4 ("[E]xtensive discovery was completed in this case in preparation for the preliminary injunction hearing …, including the deposition of ten witnesses and the exchange of written discovery and the production of documents."). In sharp contrast, discovery has not yet begun in the Pergo and Uniboard Actions.

      Uniboard also argues that the Pergo Action could proceed more quickly if not consolidated with the Uniboard Action, and perhaps "moot some or all of the issues in the Uniboard Action." Uniboard Opp. Br. 6-9. Uniboard is wrong for at least two reasons. First, if Pergo and Uniboard believe either Action can be resolved early, they should move for summary judgment, not resist consolidation. Second, the Pergo Action will likely take as long, if not

4370604.8

longer, than the Uniboard Action. In the Uniboard Action, fact and expert discovery closes 150 days (or about five months) after the Court's Markman decision. After the court renders its claim construction in the Pergo Action, given the complexity of the analyses required to determine interference-in-fact and priority (including the fact and expert discovery needed for each pair of claims in the interference-in-fact analysis), it is likely that the Pergo Action will take at least as long as the Uniboard Action. Moreover, Unilin has also raised as a defense to Pergo's interference claim the issues of invalidity and unenforceability of Pergo's patents, which will require additional discovery and potentially lengthen the schedule of a separate Pergo Action.

Finally, Uniboard's argument that consolidation would lead to jury confusion (Uniboard Opp. Br. 8) is at best premature, and is irrelevant to consolidation. Once we reach trial, if we do, the Court can decide how best to structure trial to minimize jury confusion. For example, Courts typically decide how to address inequitable conduct, and issue decided by the Court, after the close of discovery, when preparing for and determining the structure of trial.

## C. Without Consolidation, The Court And The Parties Cannot Avoid Wasteful Duplication

Although Uniboard appears to recognize that consolidation will have benefits, Uniboard argues that the benefits can be achieved by *ad hoc* agreements between counsel without actual consolidation of the actions or the case schedules. However, unless the case schedules are matched, such agreements will not work. If dates differ such as the Markman schedule, disclosure of contentions, fact discovery and expert discovery, then not only will multiple depositions of the same witnesses and duplicative Court hearings be unavoidable, but disputes will arise, perhaps rising to the level of motion practice, over whether the agreements were breached by allegedly cumulative and unnecessary discovery.

4370604.8

## II.    CONCLUSION

For the reasons stated above and in its opening brief, Unilin respectfully requests that this Court grant its Motion to Consolidate.

Respectfully submitted, this the 14th day of July, 2008.

David P. Murray (D.C. Bar No. 401158)
Attorney for Defendant/Counterclaim Plaintiffs
  Unilin Beheer B.V. and
  Flooring Industries Ltd., sarl
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
Facsimile:  (202) 303-2000
E-mail:  dmurray@willkie.com


John M. DiMatteo
Steven H. Reisberg
Leslie M Spencer
David D. Lee
Fara S. Sunderji
Ketan Pastakia
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2008, I caused a copy of Defendant

Unilin's Reply In Support Of Its Motion To Consolidate to be sent by hand and First Class Mail

to the following persons:

> Richard L. Brusca
> SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
> 1440 New York Avenue, N.W.
> Washington, D.C. 20005

By: _David P. Murray_
For Defendant/Counterclaim Plaintiffs
Unilin Beheer B.V. and
Flooring Industries Ltd., sarl